STATE OF NEBRASKA, APPELLEE, v. MARCILYN C. WILLIAMS, APPELLANT.

199 N. W. 2d 611

Filed July 21, 1972. No. 38594.

Terrence J. Ferguson, Vard R. Johnson, Robert V. Broom, and Charles I. Scudder, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted on misdemeanor charges in the municipal court of the city of Omaha pursuant to

her pleas of guilty. She subsequently commenced a proceeding under the Post Conviction Act in the municipal court alleging a violation of her constitutional rights. She now seeks to appeal directly to this, the Supreme Court.

The sole question presently at issue is whether such a direct appeal can be taken from a municipal court. The Post Conviction Act was adopted in 1965. At that time there was considerable concern regarding violations of the constitutional rights of defendants in felony cases which were and are not cognizable in the municipal or other inferior courts. The constitutional rights theories then applicable in felony cases were not applicable in misdemeanor cases but have since been made so by decisions of the United States Supreme Court. As a consequence of this situation, the Act is ambiguous with reference to the question of appeal.

The Act requires a post conviction proceeding to be brought in the sentencing court, provides for appointment of defense attorneys by the district court, and states that an appeal may be taken to the Supreme Court. See §§ 29-3001 to 29-3004, R. S. Supp., 1969. Defendant contends the legislative intention was to permit appeals directly from the municipal court to the Supreme Court. Such an interpretation would fly in the face of reality. As pointed out, the Act when adopted was considered applicable only in felony cases which were beyond the jurisdiction of courts inferior to the district court. It was not then contemplated that such proceedings would ever be entertained in the inferior courts and by no stretch of the imagination can it be said that the Legislature contemplated direct appeals from such courts to the Supreme Court.

Sections 26-1,104 and 25-1901, R. R. S. 1943, provide that appeals from municipal courts shall be taken to the district court. In view of the circumstances outlined above, we are not convinced that the appeal permitted under section 29-3002, R. S. Supp., 1969, should

be regarded as a special act excepting such appeals from the general appeal statutes. On the contrary, we hold that it must be construed in pari materia with the general statutes governing appeals from municipal courts. "* * * All statutes in pari materia must be considered together and construed as if they were one law, and, if possible, effect given to each provision." State ex rel. Retchless v. Cook, 181 Neb. 863, 152 N. W. 2d 23.

We conclude that an appeal under the Post Conviction Act may not be taken directly to the Supreme Court from any court inferior to the district court and that this appeal must be dismissed.

APPEAL DISMISSED.

SMITH, J., concurring.

The need for uniformity in appellate procedure excuses this waste of judicial manpower.