IN RE INTEREST OF W.D., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. W.D., APPELLANT.

441 N.W.2d 608

Filed June 16, 1989.   No. 88-815.

Dennis R. Keefe, Lancaster County Public Defender, and Craig L. Nelson for appellant.

James Elworth, Deputy Lancaster County Attorney, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Grant, J.

This was an adjudication on a supplemental petition and motion to revoke probation, alleging that the defendant-appellant juvenile, W.D., committed the crime of second degree criminal trespass, in violation of Neb. Rev. Stat. § 28-521 (1)(c) (Reissue 1985), and, as a result, violated an order of probation entered April 30, 1986. After a trial in the separate juvenile court of Lancaster County, defendant was found guilty beyond a reasonable doubt of the offense charged. Defendant's motion for new trial was overruled, and he was placed on probation for this offense.

Defendant timely appealed to this court, contending the proof adduced at trial was insufficient to establish the corpus delicti of the crime of second degree criminal trespass and was otherwise insufficient to support the adjudication entered by the separate juvenile court. We reverse.

The uncontroverted evidence at trial showed that on the afternoon of May 19, 1988, Melissa Nieder saw defendant enter her automobile through the unlocked right front passenger door. The automobile was parked in a lot located immediately west of her apartment complex. Nieder saw defendant in the automobile from her living room window and also after she went out to the parking lot. She testified that defendant approached the car, crouched, opened the door, and appeared to reach up toward a crystal hanging from the rearview mirror. Defendant "took off running" when Nieder confronted him in the parking lot. Defendant admitted to a Lincoln police officer that he entered Nieder's automobile for the purpose of placing a tennis ball in the vehicle. Nieder testified that she owned no tennis balls or equipment. Defendant was under the age of 16 on the date of the alleged offense.

Neb. Rev. Stat. § 43-247(1) (Reissue 1988) provides that the juvenile court shall have jurisdiction of any juvenile "who has committed an act . . . which would constitute a misdemeanor . . . under the laws of this state, or violation of a city or village ordinance."

Section 28-521(1) provides:

A person commits second degree criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

. . . .

(c) Fencing or other enclosure manifestly designed to exclude intruders.

Second degree criminal trespass is a misdemeanor.

We stated in *In re Interest of Richter*, 226 Neb. 874, 875, 415 N.W.2d 476, 477 (1987), that "[w]hile a penal statute is to be construed strictly, it is to be given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served." In the absence of anything indicating otherwise, statutory language is to be given its plain and ordinary meaning. *Id.*

We note that Neb. Rev. Stat. §§ 28-520, 28-521, and 28-522 (Reissue 1985), relating to criminal trespass, are in pari materia and must be construed together. *McGowen v. Nebraska State Bank*, 229 Neb. 471, 427 N.W.2d 772 (1988); *State v. Howard*, 193 Neb. 45, 225 N.W.2d 391 (1975); *State v. Williams*, 188 Neb. 802, 199 N.W.2d 611 (1972). Section 28-520 provides that "[a] person commits first degree criminal trespass if, knowing that he is not licensed or privileged to do so, he enters . . . any building or occupied structure, or any separately secured or occupied portion thereof." Section 28-522, in describing the affirmative defenses to prosecutions for criminal trespass under §§ 28-520 and 28-521, specifically refers to "building[s] or occupied structure[s]" and "premises," terms which are associated with real property. This statute is modeled roughly after Model Penal Code § 221.2 (1962). In that code, in § 221.0, an "occupied structure" is defined as "any structure, vehicle or place adapted for overnight accommodation of persons." The analogous definition of "building" found in Neb. Rev. Stat. § 28-501 (Reissue 1985) pertains, in part, to "places adapted for overnight accommodations of persons or animals." There is no evidence that Nieder's vehicle was a place "adapted for overnight accommodations."

An automobile is an item of personal property. Analyzing the plain language of § 28-521, the conclusion is inescapable that the Nebraska statute was intended to protect real property and not meant to prohibit unauthorized entry into a stationary automobile. We hold that an automobile, by itself, is not a "place" as to which notice against trespass may be given within the meaning of § 28-521(1)(c). While defendant's act of entering Nieder's vehicle may be wrongful, the evidence does not establish the corpus delicti of the crime of second degree criminal trespass.

The judgment of the juvenile court is reversed.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.