PEOPLE v LANDRIE

Docket No. 62054. Submitted October 14, 1982, at Escanaba.—Decided February 16, 1983.

Defendant, Robert A. Landrie, was convicted in the Mackinac Circuit Court, Nicholas J. Lambros, J., of interfering with a police officer maintaining the peace. The information alleged that the officer was "attempting to apprehend the defendant for malicious destruction of property". At trial, the prosecutor shifted emphasis to a charge of interference with an officer maintaining the peace. The testimony indicated that the officer intended to arrest defendant for malicious destruction of property. Defendant appealed. *Held:*

1. If defendant interfered with the officer, he was resisting an attempted arrest. Since illegality of the seizure is a complete defense to the charge of resisting an officer making an arrest where the defendant is being seized, apprehended, or arrested, defendant was entitled to a jury instruction on resisting arrest. Failure to give the instruction constituted reversible error.

2. The criminal offense of resisting and obstructing a police officer is not a specific intent crime and intoxication should not be available as a defense.

3. The probation statute in effect at the time defendant is sentenced governs the terms and conditions of his sentence.

4. The evidence was insufficient to sustain the conviction, since the evidence indicated that defendant left the scene after the officer stopped him. Fleeing or eluding is a lesser included offense of the offense of interfering with a police officer, which requires proof of some active interference greater than mere fleeing and eluding.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 94.

Modern status of rules as to right to forcefully resist illegal arrest. 44 ALR3d 1078.

[1-3] 58 Am Jur 2d, Obstructing Justice § 17.

[2] 21 Am Jur 2d, Criminal Law § 155.

Modern status of the rules as to voluntary intoxication as defense to criminal charges. 8 ALR3d 1236.

[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 6, 8.

1. CRIMINAL LAW — RESISTING ARREST — DEFENSES.

Illegality of the seizure is a complete defense to the charge of resisting an officer making an arrest where the defendant is being seized, apprehended, or arrested; a person may use such reasonable force as is necessary in resisting an illegal arrest.

2. CRIMINAL LAW — RESISTING AND OBSTRUCTING A POLICE OFFICER — DEFENSES.

The criminal offense of resisting and obstructing a police officer is not a specific intent crime and intoxication should not be available as a defense.

3. CRIMINAL LAW — RESISTING AND OBSTRUCTING A POLICE OFFICER — FLEEING AND ELUDING.

Fleeing and eluding is a lesser included offense of resisting a police officer, which requires proof of some affirmative interference greater than mere fleeing and eluding (MCL 750.479, 750.479a; MSA 28.747, 28.747[1]).

*Sumpter & Loznak, P.C.* (by *Jerry L. Sumpter*), for defendant.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was convicted of interfering with a police officer maintaining the peace, MCL 750.479; MSA 28.747. He appeals by right, raising four issues for our consideration.

Defendant first argues that, since the information stated that a police officer was "attempting to apprehend the defendant for malicious destruction of property", the prosecutor was required to show the essential elements of resisting arrest. Since the prosecutor did not show the requisite elements, the defendant maintains that the proofs were fatally defective.

The information clearly states that the resistance occurred when the police officer was attempting to apprehend the defendant. It is established law in this state that a person may use such

reasonable force as is necessary to resist an illegal arrest. *People v Krum,* 374 Mich 356, 361; 132 NW2d 69 (1965), *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965). Where a defendant is being seized, apprehended, or arrested, the illegality of the seizure is a complete defense to the charge of resisting an officer making an arrest. Thus, in order to prove that the defendant's resistance was illegal, the prosecutor had to show that the police officer had a legal right to apprehend the defendant and, in order to convict the defendant of resisting arrest, the jury had to consider whether the defendant was lawfully resisting an illegal arrest.

However, the prosecutor's proofs and the instructions given to the jury dealt with interference with a police officer maintaining the peace and that is the crime of which the defendant was convicted. The confusion on this issue appears to stem from the fact that the information charged the defendant with resisting an arrest but the prosecutor shifted his emphasis at trial to a charge of interference with a police officer maintaining the peace. This may have occurred because the wilful destruction of property charge against the defendant, which formed the basis of the police officer's right to arrest the defendant, was dismissed.

The police officer's testimony at trial indicates that he intended to arrest the defendant for malicious destruction of property. If the defendant's actions did obstruct, resist, or oppose the police officer's efforts, he was resisting an attempted arrest and was entitled to a jury instruction on resisting an arrest. See CJI 13:1:02. We hold that failure to give the jury such an instruction constitutes reversible error.

We can dispose of the defendant's remaining issues on appeal with little comment. First, the defendant was not entitled to have his case dismissed after the prosecutor's opening statement because it did not sufficiently state the facts constituting the elements of the offense charged. After the defendant objected, the prosecutor indicated he could prove the missing additional facts. Second, intoxication is not a defense to the charge of interfering with a police officer because it is not a specific intent crime. *People v Gleisner,* 115 Mich App 196; 320 NW2d 340 (1982). Third, the probation statute in effect at the time the defendant was sentenced is the statute that governs the terms and conditions of the defendant's sentence. The trial court could not sentence the defendant under a statute in effect at the time of the offense but repealed before the defendant was sentenced.

Lastly, we have considered one issue *sua sponte* because our review of the record leads us to conclude that the facts were insufficient to convict the defendant of interfering with a police officer maintaining the peace. The only evidence of interference was that the defendant left the scene after the officer had stopped him. It appears to us that the defendant should have been charged under MCL 750.479a; MSA 28.747(1), which makes it illegal to ignore an officer's direction to stop a vehicle. Fleeing and eluding is a lesser included offense of the offense of interfering with a police officer (CJI 13:1; pp 13-3, 13-4), thus, in order to raise the charge to the greater offense, some form of active interference greater than mere fleeing and eluding is necessary. The driving away of a motor vehicle in the face of a police officer's signal to stop does not constitute interfering with a police officer, MCL 750.479; MSA 28.747. Under the facts

of this case, the defendant should have been charged with resisting arrest if he was under arrest or with fleeing and eluding if he was not under arrest but ordered to stop.

Reversed.