PEOPLE v MOON

Docket No. 63756. Submitted January 21, 1983, at Detroit.—Decided May 17, 1983.

Defendant, Kim Moon, pled guilty in the Osceola Circuit Court to assault with intent to commit second-degree criminal sexual conduct. Defendant's plea was in accordance with a plea bargain wherein defendant agreed to plead guilty if the prosecution recommended one year jail time with extensive mental health counselling and treatment. The trial court, Lawrence C. Root, J., sentenced defendant to a term of five years probation with the first year to be spent in the county jail. Defendant appeals alleging violation of the Ex Post Facto Clauses of the United States and Michigan Constitutions since the pertinent statute regarding the conditions of probation authorized a maximum of only six months imprisonment as a condition of probation at the time the offense occurred. *Held:*

1. A statute which affects the prosecution or disposition of criminal cases involving crimes committed prior to the effective date of the statute violates the Ex Post Facto Clauses if it: (1) makes punishable that which was not; (2) makes an act a more serious criminal offense; (3) increases the punishment; or (4) allows the prosecution to convict on less evidence.

2. One standard for determining whether the Ex Post Facto Clause has been violated is whether the new provision imposes greater punishment after the commission of the offense, not merely whether it increases a criminal sentence. It is irrelevant whether the statutory change touches any vested rights since the sole concern is whether the statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred.

3. An ex post facto law is one which renders an act punish-

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 637, 641, 643, 651.
    21 Am Jur 2d, Criminal Law § 10.
    Supreme Court's views as to what constitutes an ex post facto law prohibited by Federal Constitution. 53 L Ed 2d 1146.
[2, 5] 16A Am Jur 2d, Constitutional Law § 641 *et seq.*
[3] 16A Am Jur 2d, Constitutional Law § 635.
[4] 21 Am Jur 2d, Criminal Law § 567 *et seq.*

able in a manner in which it was not punishable when it was committed.

4. Probation is in fact an actual sentence, although it is a substitute for imprisonment.

5. Sentencing defendant under the statute as amended violated the Ex Post Facto Clauses even though the punishment received was within the statute's outer limits since the standard of the amended statute is more onerous.

Conviction affirmed with the sentence vacated and the case remanded for resentencing.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — EX POST FACTO LAWS.

A statute which affects the prosecution or disposition of criminal cases involving crimes committed prior to the effective date of the statute violates the Ex Post Facto Clauses of the United States and Michigan Constitutions where such statute: (1) makes criminal what was innocent, (2) makes an act a more serious criminal offense, (3) increases the punishment, or (4) allows the prosecution to convict on less evidence (US Const, art I, § 9; Const 1963, art 1, § 10).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — EX POST FACTO LAWS — STANDARD.

A standard for determining whether the Ex Post Facto Clauses of the Constitution have been violated is whether the new provision imposes greater punishment after the commission of the offense and not merely whether it increases a criminal sentence; it is irrelevant to such a determination whether the statutory change touches any vested rights since the court's sole concern is whether the statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred (US Const, art I, § 9; Const 1963, art 1, § 10).

3. CONSTITUTIONAL LAW — EX POST FACTO LAWS.

An ex post facto law is one which renders an act punishable in a manner in which it was not punishable when it was committed.

4. CRIMINAL LAW — SENTENCING — PROBATION.

Probation is in fact an actual sentence although it is a substitute for imprisonment.

5. CONSTITUTIONAL LAW — CRIMINAL LAW — EX POST FACTO LAWS.

The Ex Post Facto Clauses of the United States and Michigan Constitutions are violated where a defendant is sentenced in accordance with a statute which was amended subsequent to

the defendant's commission of the crime to provide for a more onerous standard than that applicable under the statute when the crime was committed (US Const, art I, § 9; Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

T. M. BURNS, P.J. On July 27, 1981, defendant pled guilty to assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2), and was subsequently sentenced to a term of five years probation with the first year to be spent in the county jail. He appeals as of right.

Defendant was originally charged with one count of first-degree criminal sexual conduct and one count of third-degree criminal sexual conduct. The second count was eventually dismissed by the prosecutor. Subsequently, the parties entered into a plea bargain. Defendant agreed to plead guilty to a lesser offense if the prosecution recommended one year jail time with extensive mental health counselling and treatment.

Defendant now argues that his sentence of five years probation with one year in the county jail violates the Ex Post Facto Clauses of the United States and Michigan Constitutions, US Const, art I, § 9; Const 1963, art 1, § 10, since the statute authorized a maximum of six months imprisonment as a condition of probation at the time the

offense occurred. MCL 771.3(3); MSA 28.1133(3). A statute which affects the prosecution or disposition of criminal cases involving crimes committed prior to the effective date of the statute violates the Ex Post Facto Clauses if it: 1) makes punishable that which was not; 2) makes an act a more serious criminal offense;[1] 3) increases the punishment; or 4) allows the prosecution to convict on less evidence. *In re Bray,* 97 Cal App 3d 506; 158 Cal Rptr 745 (1979); *People v Bivens,* 43 Ill App 3d 79; 1 Ill Dec 477; 356 NE2d 665 (1976). The third is the only relevant reason here.[2]

The prosecutor argues that defendant has not received greater punishment without fair warning. He could have received a five-year maximum sentence in prison for this offense or he could have received one year in the county jail. MCL 769.28; MSA 28.1097(1). See *People v Shirley Johnson,* 74 Mich App 652; 255 NW2d 4 (1977). As such, the prosecutor argues that defendant has not been materially disadvantaged.

However, the standard for determining whether or not the clause has been violated is found in *Weaver v Graham,* 450 US 24, 29, fn 13; 101 S Ct 960, 964; 67 L Ed 2d 17, 23 (1981):

"When a court engages in *ex post facto* analysis, which is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred, it is irrelevant whether the statutory change touches any vested rights."

---

[1] *E.g., United States ex rel Massarella v Elrod,* 682 F2d 688 (CA 7, 1982): perjury had been changed from a misdemeanor to a felony.

[2] Following this test, this Court has held that a defendant may not be tried under the criminal sexual conduct statute for an act committed before the statute was enacted. *People v Ulysee Gibson,* 71 Mich App 220; 247 NW2d 357 (1976).

In fact,

"The critical question * * * is whether the new provision imposes greater punishment after the commisison of the offense, not merely whether it increases a criminal sentence." 450 US 32, fn 17.

Earlier the Supreme Court had ruled: "An *ex post facto* law is one which renders an act punishable in a manner in which it was not punishable when it was committed." *Fletcher v Peck,* 10 US (6 Cranch) 87, 138; 3 L Ed 162, 178 (1810). See also *Calder v Bull,* 3 US (3 Dallas) 386; 1 L Ed 648 (1798).[3]

Following these guidelines, Michigan courts have held that statutes restricting good time are to be applied prospectively only. *State Appellate Defender v Director of Elections,* 405 Mich 815 (1979); *People ex rel Oakland Prosecutor v Bureau of Pardons & Paroles,* 405 Mich 815 (1979); *People v Kildow,* 99 Mich App 446, 449; 298 NW2d 123 (1980):

"Any other rule of application would produce inconsistent and unfair results, for example, as to two defendants identically situated with respect to the date on which they committed an offense but who were tried one before and one after December 10, 1978. To avoid such happenstance, a clear line of demarcation such as defined in OAG, 1979, No. 5583 offers the best method of uniform application."[4]

A number of cases are very similar. In *People v Norris,* 88 Cal App 3d Supp 32; 152 Cal Rptr 134

---

[3] In other words, courts look to the standard of punishment prescribed rather than to the actual sentence imposed. *Lindsey v Washington,* 301 US 397; 57 S Ct 797; 81 L Ed 1182 (1937); *In re Stanworth,* 126 Cal App 3d 970; 179 Cal Rptr 308 (1981).

[4] See also *In re Canfield,* 98 Mich 644; 57 NW 807 (1894).

(1978), the defendant was convicted of soliciting for prostitution on September 30, 1977. On January 1, 1978, a separate statute was amended allowing the trial judge to give an additional $5 penalty fee. The court held that to apply the fee in that case violated the Ex Post Facto Clause.

In *People v Harris,* 69 Ill App 3d 118, 124; 25 Ill Dec 576; 387 NE2d 33 (1979), the defendant was convicted of possession of less than 30 grams of heroin (a class four felony in Illinois); the relevant statute provided for a $15,000 fine. Rather than being fined, however, the trial judge assessed him $240 in costs. However, because the statute allowing the judge to assess such costs was passed after the offense, the court voided that part of the sentence:

"To those persons [such an increase in costs and fines which were not previously assessible] constitutes an increase in the punishment under Sections 10 and 410 for their previously committed offenses."

Thus, the increase in the possible penalty violated the clause.

In *Boykins v State,* 584 SW2d 194 (Tenn, 1979), the Tennessee Supreme Court held that the defendant was improperly denied probation. In Tennessee, a sentencing judge is to consider a number of statutory standards in determining whether or not a defendant is to receive probation. In that case, the trial judge denied probation based on a standard which had been added to the statute after the defendant had committed the crime.

In *State v Williams,* 397 So 2d 663 (Fla, 1981), the Florida Supreme Court, relying on *Weaver, supra,* held that applying a statute that allows a trial judge to retain jurisdiction over the first third

of a defendant's sentence violates the Ex Post Facto Clause.

In *People v Rosenfeld,* 61 Misc 2d 72; 304 NYS2d 977 (1969), the court held that the defendant's six-month sentence violated the clause. At the time that he committed the offense, the only sentencing alternatives available for youthful offenders were probation, conditional discharge, unconditional discharge, or some form of reformatory alternative. The court held that the new law allowing a six-month term was not to be applied retroactively.

On the other hand, in *Commonwealth v Riley,* 253 Pa Super 260; 384 A2d 1333 (1978), the court ruled that the defendant could be given jail time as a condition of probation under a new statute. However, such a sentence did not violate the Ex Post Facto Clause because it merely eliminated a semantic pitfall that had previously existed in Pennsylvania law. Because of two conflicting statutes, the trial judge could give an invalid sentence merely by a slip of the tongue. Therefore, the change merely eliminated the necessity for the sentencing judge to couch his phraseology.

The prosecutor also argues:

"The change which the defendant assails relates to the status of probation, not to the antecedent event of commission of a crime. The event which triggered application to the amended statute was the granting of probation. The longer possible confinement under the amended statute was not ex post facto. *People v Valdez,* 79 Ill 2d 74; 37 Ill Dec 297; 402 NE2d 187 (1980)."

However, *Valdez* does not stand for that proposition. There, the defendant had been acquitted by reason of insanity. The event triggering application of the statute was his acquittal and not the

commission of the offense.[5] Therefore, changes in the statute could be applied retroactively in that case. *Cf. Raimondo v Pavkovic,* 107 Ill App 3d 226; 63 Ill Dec 63; 437 NE2d 712 (1982). But here the defendant was not acquitted by reason of insanity. Instead, he was given probation. Although probation is a substitute for imprisonment, *People v Robinson,* 253 Mich 507; 235 NW 236 (1931), it in fact is an actual sentence. *People v Peach,* 39 Ill App 3d 757; 350 NE2d 583 (1976). In *State v Mendivil,* 121 Ariz 600; 592 P2d 1256 (1979), the defendant was given two years probation. However, the Arizona Supreme Court voided his sentence because, at the time he committed the crime, the statute allowed no more than one year probation.[6]

Sentencing defendant under the statute as amended violated the Ex Post Facto Clauses even though the punishment received was within the statute's outer limits: the standard of the amended statute is more onerous. Therefore, we are vacating defendant's sentence and remanding for a resentencing under the law as it existed the day defendant committed the crime.

Defendant's conviction is affirmed; this case is remanded for resentencing.

---

[5] Using similar analysis, courts have held that habitual offender statutes do not violate the clause. *People v Shastal,* 26 Mich App 347; 182 NW2d 638 (1970); *Short v State,* 443 NE2d 298 (Ind, 1982); *Ray v State,* 398 So 2d 774 (Ala Crim App, 1981); *State v Pendergraft,* 124 Ariz 449; 604 P2d 1160 (1979).

[6] Even though probation is an act of grace and not a right, *Fernandez v Rivera,* 70 PR 859 (1950), held that a statute taking away probation could not be applied retroactively.