PEOPLE v WELLS

Docket No. 75685. Submitted September 7, 1984, at Lansing.—Decided October 16, 1984.

Michael A. Wells was convicted on his plea of guilty of first-degree criminal sexual conduct, Washtenaw Circuit Court, Patrick J. Conlin, J., and was sentenced to a prison term. Defendant appealed, alleging that the trial court erred when it informed defendant that he could receive a sentence of probation when, in fact, first-degree criminal sexual conduct is a nonprobationable offense. *Held:*

The amendment to MCL 771.1 which eliminated probation as a possible punishment for first-degree criminal sexual conduct does not apply to defendant. The law in effect at the time when he committed the offense is the applicable law. The elimination of probation as a possible punishment made the punishment for this offense more onerous, and to apply it retrospectively would violate the constitutional prohibition against ex post facto laws. Thus, because probation was a possible punishment at the time of the offense, although at the time when defendant pled guilty it was not, the trial court did not err in so informing the defendant.

Affirmed.

Constitutional Law — Criminal Law — Probation — Ex Post Facto Laws — Retroactivity of Statute.

A statutory amendment making the punishment for first-degree criminal sexual conduct more onerous by removing the possibility of probation may not be applied retrospectively to crimes committed prior to the effective date of the amendment; to do so would violate the constitutional prohibition against ex post facto laws (US Const, art I, § 9; Const 1963, art 1, § 10; MCL 771.1; MSA 28.1131).

*Frank J. Kelley,* Attorney General, *Louis J.*

References for Points in Headnote
16A Am Jur 2d, Constitutional Law §§ 641-643.
Supreme Court's views as to what constitutes an ex post facto law prohibited by Federal constitution. 53 L Ed 2d 1146.

*Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Joseph F. Burke,* Assistant Prosecuting Attorney, for the people.

*Edward J. Schwartz,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was charged with criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), for an offense committed on December 28, 1982. A jury trial commenced, but after one day defendant pled guilty, on July 19, 1983. In taking the plea, the court advised defendant of all his rights pursuant to GCR 1963, 785.7. The court also told defendant:

*"The Court:* Okay. And you can get probation. That's not to say I would give you probation, but you can get it."

Defendant was sentenced on November 10, 1983, to 17 to 50 years in prison. Defendant appeals as of right.

Criminal sexual conduct in the first degree is punishable by imprisonment for life or for any term of years. MCL 750.520b(2); MSA 28.788(2)(2). By 1982 PA 470, effective March 30, 1983, MCL 771.1; MSA 28.1131 was amended to make first-degree and third-degree criminal sexual conduct nonprobationable offenses. Defendant argues on appeal that the trial court erred not only by failing to inform defendant that he could not get probation, but by affirmatively stating that he could.

Defendant's contention has merit only if the

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

amended statute applied to defendant. Defendant assumes the statute applied to him because it became effective prior to his guilty plea. He relies on a quote from *People v Landrie,* 124 Mich App 480, 483; 335 NW2d 11 (1983), in which this Court, in a paragraph that begins, "We can dispose of the defendant's remaining issues on appeal with little comment", held:

"Third, the probation statute in effect at the time the defendant was sentenced is the statute that governs the terms and conditions of the defendant's sentence. The trial court could not sentence the defendant under a statute in effect at the time of the offense but repealed before the defendant was sentenced."

The statute in effect at the time of defendant Landrie's offense, MCL 771.3; MSA 28.1133, authorized imprisonment of not more than six months; it was amended prior to defendant's sentencing to authorize imprisonment of up to twelve months. The *Landrie* Court's assertion that the latter statute governed is made without citation to any precedent and is in direct conflict with this Court's well-researched opinion in *People v Moon,* 125 Mich App 773; 337 NW2d 293 (1983). We also find *Landrie* to be contrary to the body of law that has developed around the Ex Post Facto Clauses of the United States and Michigan Constitutions, US Const, art I, § 9; Const 1963, art 1, § 10.

The Ex Post Facto Clauses forbid:

"* * * the imposition of punishment more severe than the punishment assigned by law *when the act to be punished occurred.* Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed *when the crime was con-*

*summated.* Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than *the law in effect on the date of the offense." Weaver v Graham,* 450 US 24, 30-31; 101 S Ct 960; 67 L Ed 2d 17 (1981). (Emphasis added.)

Therefore, even a change concerning probation, which is a matter of grace accorded by the Legislature, *People v Lemon,* 80 Mich App 737; 265 NW2d 31 (1978), comes within the ex post facto prohibition. Because the amended statute in this case had the effect of making the punishment for first-degree criminal sexual conduct more onerous by removing the possibility of probation, its retrospective application to crimes committed prior to the effective date of the amendment would violate the Ex Post Facto Clause.

Similar cases in other jurisdictions have so held. In *Wethington v Commonwealth,* 549 SW2d 530 (Ky App, 1977), the defendant was indicted on June 7 and pled guilty on September 27; in between these two dates, a statutory amendment removing probation and concurrent sentencing for offenses such as defendant's went into effect. The court held, however, that it was error to sentence the defendant under the new amended statute because the new statute imposed a more onerous punishment and its application to persons convicted of offenses occurring prior to its effective date would violate the Ex Post Facto Clause. In *State v Mendivil,* 121 Ariz 600; 592 P2d 1256 (1979), the court ruled that the defendant should not have been sentenced under an amendment doubling the maximum probation to two years, which took effect four days after defendant pled guilty. The court ruled that application of the amended statute to the defendant for an offense committed prior to the effective date of the amend-

ment violated the Ex Post Facto Clauses of the United States and Arizona Constitutions.

Following this reasoning, this Court in *People v Moon, supra,* ordered resentencing where the probation statute authorized a maximum of six months' imprisonment at the time defendant committed the offense but was amended to authorize up to twelve months' imprisonment prior to defendant's sentencing:

"Sentencing defendant under the statute as amended violated the Ex Post Facto Clauses even though the punishment received was within the statute's outer limits: the standard of the amended statute is more onerous. Therefore, we are vacating defendant's sentence and remanding for a resentencing under the law as it existed the day defendant committed the crime." *Moon, supra,* p 780.

See also *People v Gauntlett,* 134 Mich App 737, 755; 352 NW2d 310 (1984).

Thus, although the statute making defendant's offense nonprobationable went into effect prior to his guilty plea, it did not apply to defendant because the offense was committed before the amendment went into effect. To hold otherwise would violate the Ex Post Facto Clause. The judge therefore did not err in telling defendant that he could receive probation for his offense, as that was the law at the time that defendant committed the offense.

Affirmed.