**STATE of Alaska, Appellant,**

**v.**

**Dennis Ray ANTHONY, James. Richard Flake, David Matthew Logue, Richard R. Ecklund, Victor E. Chambers, on behalf of themselves and all other persons who are now or will be similarly situated, Case No. 3PA–88–1009 CI, Leroy K. Smith, Roger M. Pike, Patrick Pletnikoff, Richard D. Nitz, Michael A. Bateman, Robert D. Lozzio, Robert D. Thrall, Case No. 3PA–88–601 CI, Reginald L. Silvernail, Case No. 3KN–88–816 CI, Anthony L. Brown, Case No. 3AN–88–8966 CI, Edward P. Lowry, Case No. 3AN–88–9165 CI, John C. Aspell, Case No. 3AN–88–8987 CI, Richard H. Krantz, Case No. 3AN–88–8986 CI, Sidney R. Hertz, Peter W. Thorsen, Case No. 3AN–88–10971 CI, Terry F. Newell, Case No. 3AN–88–966 CI, Robert G. Klink, Case No. 3KN–88–970 CI, Appellees.**

**STATE of Alaska, DEPARTMENT OF REVENUE, Appellant,**

**v.**

**Richard Carl SNYDER, Appellee.**

**No. S–3650.**

Supreme Court of Alaska.

Sept. 13, 1991.

Marilyn May, Asst. Atty. Gen., Anchorage, Jeffrey W. Bush, Asst. Atty. Gen., and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Pete Ehrhardt, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellees Anthony, Silvernail, Newell and Klink.

Edward P. Lowry, Sidney R. Hertz, Anthony L. Brown, and Leroy K. Smith, appellees pro se, Palmer.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION ON REHEARING

COMPTON, Justice.

In *State v. Anthony*, 810 P.2d 155 (Alaska 1991), we concluded that AS 43.23.-005(d), which makes incarcerated felons ineligible for permanent fund dividends, does not violate the equal protection clause of the Alaska Constitution or the United States Constitution. We did not address whether the statute violates the ex post facto clause of either constitution and

therefore grant the appellees' petitions for rehearing to resolve this issue.

The United States Supreme Court has summarized the characteristics of an ex post facto law as follows:

> [A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission; or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.

*Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925)).[1] The first and the third characteristics clearly do not apply to this case. The inmates do not challenge the validity of their convictions. Alaska Statute 43.23.-005(d) does not alter the definition of any crime nor affect any criminal defenses. The inmates simply argue that by declaring them ineligible for permanent fund dividends they were previously entitled to receive, the statute increases the punishment for their crimes after the commission of these crimes.

The mere fact that AS 43.23.005(d) alters a convicted felon's circumstances to his or her disadvantage does not in itself invalidate the statute as ex post facto. *See, e.g., Flemming v. Nestor*, 363 U.S. 603, 613–14, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960) (dismissed ex post facto challenge to statute terminating social security retirement benefits of deported aliens); *De Veau v.*

*Braisted*, 363 U.S. 144, 160, 80 S.Ct. 1146, 1154, 4 L.Ed.2d 1109 (1960) (upheld New York statute prohibiting solicitation of waterfront employees by labor organization if any officer or agent of such organization had been convicted of a felony); *Jones v. Heckler*, 774 F.2d 997 (10th Cir.1985) (upheld statute denying social security benefits to felons during p⸀⸀d of incarceration); *Auditor Gen v. Olezniczak*, 4 N.W.2d 679, 680–81 · 942) (upheld prison reimbursement act imposing civil liability on all prisoners able to pay for their maintenance); *Golden v. Okfuskee County Election Bd.*, 723 P.2d 982 (Okla.1986) (upheld law forbidding persons who have entered guilty pleas to certain offenses from holding public office).

The United States Supreme Court has held that a statute enacted for valid regulatory purposes rather than simply to punish individuals for their past conduct does not violate the ex post facto clause. *De Veau*, 363 U.S. at 160, 80 S.Ct. at 1154. As we noted in our original opinion, the articulated purpose of AS 43.23.005(d) is to obtain funds for crime victims. In addition, we noted that the parties did not dispute at trial that a purpose of the statute is to reimburse the state for the cost of confinement. It is significant that a person convicted of a felony who is not sentenced to incarceration is not made ineligible for a permanent fund dividend. Since the purpose of the statute is compensatory rather than punitive, we conclude that it does not violate the ex post facto clause of either the United States or the Alaska Constitution.[2]

---

1. The parties agree that the ex post facto prohibition of the Alaska Constitution is the same as that of the United States Constitution. The United States Constitution provides that "[n]o state shall ... pass any bill of attainder, ex post facto law or law impairing the obligation of contracts...." Art. I, § 10. The Alaska Constitution provides that "[n]o bill of attainder or ex post facto law shall be passed." Art. I, § 15. We have previously found no reason to construe our state ex post facto prohibition differently from the federal provision. *State v. Creekpaum*, 753 P.2d 1139, 1143 (Alaska 1988); *Danks v. State*, 619 P.2d 720, 722 (Alaska 1980).

2. The inmates rely on *United States v. Mac-Donald*, 607 F.Supp. 1183 (E.D.N.C.1985), in which the court held that a federal statute requiring forfeiture of any proceeds received by a criminal defendant for selling the story of his or her crimes was ex post facto as applied to a criminal defendant convicted of crimes committed prior to passage of the statute. Although legislative history indicated that one of the purposes of the act was to compensate crime victims, the court found that the government's goal was to prevent wrongdoers from profiting from their crimes. *Id.* at 1186.

   The inmates offered no evidence that AS 43.-23.005(d) had a similar punitive intent. If the legislature simply intended to take the dividends

Unlike the statutes at issue in most of the cases relied on by the inmates, AS 43.23.005(d) does not change the criminal justice system itself in any way. The statute's effect is similar to that of the statute upheld in *Dobbert:*

> The crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by the subsequent statute.

432 U.S. at 294, 97 S.Ct. at 2298–99 (quoting *Hopt v. Utah,* 110 U.S. 574, 589–90, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)). The statute does not remove the possibility of probation as in *People v. Wells,* 138 Mich. App. 450, 360 N.W.2d 219 (1984); increase the period of probation that can be required as in *Arizona v. Mendivil,* 121 Ariz. 600, 592 P.2d 1256 (1979), and *People v. Moon,* 125 Mich.App. 773, 337 N.W.2d 293 (1983); eliminate an advantageous sentencing option as in *Lindsey v. Washington,* 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937), and *United States v. Romero,* 596 F.Supp. 446, 449 (D.N.M.1984); or impose community service as in *Doyle v. Florida,* 513 So.2d 188, 190 (Fla.Dist.Ct.App.1987).

The inmates also rely on cases in which courts held applications of statutes imposing additional costs on criminals to those whose crimes were committed prior to the effective date of the statutes violated constitutional prohibitions against ex post facto laws. *See Yost v. Florida,* 489 So.2d 131 (Fla.Dist.Ct.App.1986) (imposition of court costs of $200, in addition to other fines and costs, when any person is convicted of a felony), *aff'd,* 507 So.2d 1099 (Fla. 1987); *Illinois v. Timmons,* 114 Ill.App.3d 861, 70 Ill.Dec. 762, 768, 449 N.E.2d 1366, 1372 (1983) (imposition in sentencing of $60 surcharge, in addition to fine and costs, for most criminal or traffic offenses); *Loomer v. Wyoming,* 768 P.2d 1042, 1049 (Wyo.

1989) (costs of prosecution "may be added to and made a part of the sentence" in any felony or misdemeanor case).

Unlike AS 43.23.005(d), the statutes at issue in these cases all affected the sentence of the criminal defendants involved. In *Yost,* for example, the statute provided that no "gain time" could accrue on a sentence until all fees and court costs were paid and that indigents be sentenced to a term of community service in lieu of paying costs. 489 So.2d at 132.[3] The statute in *Timmons* explicitly labeled the surcharge at issue as a "penalty assessment." 449 N.E.2d at 1372, 70 Ill.Dec. at 768. In *Loomer* the statute provided that the additional costs be "added to and made a part of the sentence." 768 P.2d at 1049.

In the absence of any evidence that the intent or effect of AS 43.23.005(d) is punitive, we conclude that the application of the statute to felons convicted of crimes committed prior to the statute's effective date is not ex post facto.

---

from incarcerated felons for the purpose of paying a higher dividend to the rest of the state's residents, then ex post facto problems might arise.

**3.** On appeal, the Florida Supreme Court emphasized the significance of the penalty provisions. Following the lower court's decision, the statute

was amended to delete the penalty provisions for failure to pay the fees and costs. The supreme court noted that "[r]espondent concedes that the statute, as amended, does not violate the ex post facto clause." *Florida v. Yost,* 507 So.2d 1099, 1101 (Fla.1987).