PEOPLE v POHL

Docket No. 162782. Submitted July 6, 1994, at Lansing. Decided
August 31, 1994; approved for publication October 28, 1994, at
9:05 A.M.

Kevin L. Pohl was convicted following a bench trial in the
Isabella Circuit Court, Paul H. Chamberlain, J., of resisting and
obstructing a police officer in the discharge of the officer's
duties. He then pleaded guilty of operating a vehicle while
under the influence of intoxicating liquor and of being an
habitual offender, second offense, and was sentenced. The defen-
dant appealed, alleging that the resisting and obstructing con-
viction is invalid because his prearrest flight from a deputy
sheriff was insufficient to establish the offense.

The Court of Appeals *held:*

The defendant's flight from the officer actively interfered
with the officer's traffic stop and investigation of the defen-
dant's drunk driving. The defendant knew that he was fleeing
from the scene of a crime. Although the defendant did not
physically obstruct the officer, the defendant engaged in con-
duct that under all the circumstances hindered an officer
conducting a police investigation, a police function covered by
the resisting and obstructing statute.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Larry J. Burdick,* Prose-
cuting Attorney, and *Steven B. Flancher,* Assistant
Attorney General, for the people.

*Daniel R. O'Neil,* for the defendant.

Before: GRIFFIN, P.J., and MACKENZIE and F. X.
O'BRIEN,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Following a bench trial, defendant was convicted of resisting and obstructing a police officer, MCL 750.479; MSA 28.747. He also pleaded guilty of operating a vehicle while under the influence of intoxicating liquor, MCL 257.625(1); MSA 9.2325(1), and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to serve one hundred days in jail and five years' probation for the resisting and obstructing conviction, along with a concurrent term of ninety days in jail and two years' probation for the OUIL conviction. Defendant appeals as of right, contending that his conviction for resisting and obstructing a police officer should be vacated. We disagree and affirm.

Relying on *People v Landrie,* 124 Mich App 480; 335 NW2d 11 (1983), and *People v Strelow,* 96 Mich App 182; 292 NW2d 517 (1980), defendant contends that his conviction is invalid because mere prearrest flight from a police officer is insufficient to establish the offense of resisting and obstructing. Unlike in *Landrie,* however, defendant's flight in this case actively interfered with a deputy sheriff's traffic stop and investigation of drunk driving. Additionally, unlike the defendant in *Strelow,* defendant here knew that he was fleeing from the scene of a crime. Although defendant did not physically obstruct the officer, he did engage in conduct that under all the circumstances hindered an officer conducting a police investigation—a police function covered by the resisting and obstructing statute. *People v King,* 236 Mich 405; 210 NW 235 (1926); *People v Kelley,* 78 Mich App 769; 260 NW2d 923 (1977); *People v Weatherspoon,* 6 Mich App 229; 148 NW2d 889 (1967). Accordingly, defendant's conviction was proper.

Affirmed.