Sidney R. HERTZ, Appellant,

v.

Robert STORER, Acting Commissioner, Department of Revenue, Permanent Fund Dividend Division for the State of Alaska, Appellee.

No. S–7511.

Supreme Court of Alaska.

Aug. 22, 1997.

Rehearing Denied Sept. 11, 1997.

Sidney R. Hertz, Seward, pro se.

Marilyn May, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

PER CURIAM.

■ The judgment of the superior court, on appeal from the Department of Revenue, is AFFIRMED for the reasons expressed in its Final Order on Appeal.[1] The Final Order is attached hereto as an Appendix.[2]

## APPENDIX

### FINAL ORDER ON APPEAL

Appellant, Sidney Hertz, appeals from a decision by the Director of the Department of Revenue denying appellant a Permanent Fund Dividend (PFD) for 1993. Appellant's PFD was denied because he was an incarcer-

---

1. The decision below is also AFFIRMED in regard to the award of attorney's fees. The superior court properly rejected Hertz's claim that he is a public interest litigant, and therefore not subject to fee awards. In order to qualify as a public interest litigant, a party must lack "sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance." *Anchorage Daily News v. An-* *chorage Sch. Dist.*, 803 P.2d 402, 404 (Alaska 1990). Hertz had such an interest, in the form of dividend payments which he stood to collect if his action succeeded. Accordingly, Hertz does not qualify as a public interest litigant.

2. The decision has been edited in conformity with supreme court procedural standards.

ated felon. Alaska Statute 43.23.005(d) provides that convicted felons are ineligible for a year when, during all or part of the fiscal year ending June 30 of the current year, as a result of the conviction the individual is incarcerated. Appellant does not dispute that he is ineligible under the terms of the statute but challenges the statute as unconstitutional.

Appellant was a plaintiff in a 1988 suit challenging the same statute on constitutional grounds. Appellant's case was consolidated with other challenges to the statute. On appeal the supreme court upheld the statute against arguments that the statute violated the equal protection clause by improperly distinguishing between incarcerated felons and other felons, *State v. Anthony*, 810 P.2d 155 (Alaska 1991) (*"Anthony I "*), and that the statute violated the *ex post facto* clause as applied to felons who committed their offenses prior to the effective date of AS 43.23.005(d), *State v. Anthony*, 816 P.2d 1377 (Alaska 1991) (*"Anthony II "*). Thus, appellant's argument that AS 43.23.005(d) is an *ex post facto* law has already been rejected by the Alaska Supreme Court.

Appellant also raises some slightly different challenges in this appeal. Appellant argues that the denial of his 1993 PFD subjects him to double jeopardy since it is a separate punishment in addition to his sentence of 40 years for murder. In *Anthony II*, the Alaska Supreme Court found that denial of a PFD [under] AS 43.23.005(d) was not a criminal punishment for purposes of the *ex post facto* clause. It follows that appellant's argument that he is being subjected to increased punishment, and therefore to double jeopardy, is invalid.

Appellant also claims that he is entitled to compensation for a taking of his interest in the wealth produced by state land. If appellant has a protected property interest at all, he is only entitled to procedural due process in the denial of his PFD. Appellant does not contend, nor could he, that he was denied such due process.

THEREFORE IT IS HEREBY ORDERED that the decision of the Director of the Department of Revenue is AFFIRMED.

DATED at Anchorage, Alaska this 25th day of August, 1995.

/s/ Milton M. Souter
Milton M. Souter
Superior Court Judge