Murphy, J.
(dissenting). I respectfully dissent. The parties mainly rely on the same cases, none of which is dispositive of the issue presented in this appeal. The consolidated cases of People v Davis and People v Laway, 209 Mich App 580; 531 NW2d 787 (1995), provide some guidance for my analysis; however, these cases, I believe, can be distinguished from this case. The police arrested both Davis and Laway for suspicion of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625; MSA 9.2325, and each refused to take a Breathalyzer test. The officers, therefore, obtained search warrants to have the defendants’ blood drawn and transported them to the hospital. While at the hospital, Davis insisted that his blood would not be taken, despite repeated police warnings that he would be charged with resisting an officer if he did not submit to the blood test. Further, every time the lab technician attempted to draw blood from Davis, Davis pulled away. When Laway arrived at the hospital, he became “defiant” after the search warrant was read to him and stated that his blood would not be taken “without a fight.” Id. at 583. Despite police warnings that he would be charged with resisting and obstructing an officer, Laway refused to allow his blood to be drawn.
In concluding that the lower court erred in dismissing the charges of resisting or obstructing a police officer, this Court stated:
Furthermore, we find unpersuasive defendants’ argument that their refusal to allow the blood samples to be drawn *482 did not interfere with the officers’ performance of their duties. See People v Pohl, 207 Mich App 332, 333; 523 NW2d 634 (1994). The officers were attempting to enforce valid search warrants commanding them to “seize” defendants and “procure” blood samples from an appropriate medical facility. Thus, defendants’ conduct hindered the officers’ execution of their duties under the search warrants. Accordingly, we conclude that the trial court erred in dismissing the charges. [Davis, supra at 586.]
The facts of Davis and Laway are distinguishable from this case. Davis physically interfered with the execution of the warrant when he pulled away from the lab technician who was trying to draw his blood, and Laway became “defiant” and threatened to fight if the technician attempted to draw his blood. Although this Court found that the evidence was sufficient to submit the charge of resisting or obstructing to the jury, Davis does not, in my opinion, stand for the proposition that there must always be evidence of either physical interference or an expressed threat of physical interference. In the present case, there is no evidence that defendant physically interfered with the execution of the warrant, threatened to physically interfere, or even that he spoke in a defiant manner. Rather, the undisputed evidence in this case reveals that defendant calmly and dispassionately replied “no” when asked by the police if he would comply with the warrant to have his blood drawn. Thus, this Court’s decision in Davis does not directly address the situation presented in this case in which there is no evidence of either physical interference or an expressed threat of physical interference.
In dismissing the charge of resisting or obstructing an officer, the district court relied on People v Stubbs, 15 Mich App 453; 166 NW2d 477 (1968). In Stubbs, *483 police officers arrested a woman at a bar. The defendants essentially harassed and threatened the officers and incited a crowd that had gathered to physically resist the officers in taking the woman from the scene. Eventually, the police were able to get the woman into a police cruiser and leave. The defendants were charged with resisting or obstructing an officer and contended that the charge should be dismissed because personal physical interference was required in a situation “where the police accomplish their purpose.” Id. at 456. This Court disagreed and held:
The language of the statute does not require personal physical interference, People v King [236 Mich 405; 210 NW 235 (1926)], nor does it require that the police officers be prevented from performing their duty, People v Krum [374 Mich 356; 132 NW2d 69 (1965)]. There is sufficient obstruction, resistance or opposition if there be threatened interference with an officer by any means coupled with the apparent ability to carry out the threats. In this case the fact that 8 additional officers were called as a result of defendants’ acts is ample support for the jury’s conclusion that defendants resisted the officers in the performance of their lawful duty. [Stubbs, supra at 456.]
In my opinion, Stubbs does not purport to set forth the exclusive way of establishing resisting or obstructing in the absence of physical interference. Although this Court indicated that threatened interference with the apparent ability to carry out the threat was sufficient, this Court did not state that all other nonphysical conduct was necessarily insufficient. Therefore, while Stubbs is instructive, it is not dispositive of the issue presented in this case.
*484 Further, to conclude that resisting or obstructing always requires either physical interference or threatened physical interference would be inconsistent with this Court’s decision in People v Kelley, 78 Mich App 769; 260 NW2d 923 (1977). In Kelley, an intoxicated driver drove his vehicle off a road near the defendant’s house. The defendant used a tractor to pull the vehicle out of the ditch and was helping the driver when a deputy sheriff arrived. The deputy arrested the driver and began writing an accident report. The defendant asked if he could tow the vehicle away for his friend. The deputy told the defendant that the vehicle had to be towed by a wrecker and impounded. The defendant “continued to insist that he be permitted to tow the car away.” Id. at 772. The deputy refused. The deputy asked and then ordered the defendant to unhitch the tractor and leave. The “defendant refused to leave upon request, began making abusive, sarcastic, and obscene remarks to Deputy Kellogg, asked the deputy for his badge number, and, upon receiving an unsatisfactory reply, informed Deputy Kellogg that he had no authority to make him, the defendant, do anything.” Id. The deputy informed the defendant that he was under arrest, and, although the defendant physically resisted, he was overcome.
This Court held that the defendant’s conduct before his arrest was sufficient to support a conviction of resisting or obstructing the deputy in the investigation of the accident. The defendant claimed that the evidence showed only resisting arrest, which was not charged in the information. This Court noted the prosecution’s position “that the evidence was sufficient to show that defendant, prior to his arrest, had knowingly and wilfully obstructed or resisted Deputy *485 Kellogg in the investigation of the accident and the preparation of an accident report. ...” Id. at 773-774. Agreeing with the prosecution, this Court stated:
The testimony which has been outlined above supports [the people’s] position. If accepted by a jury, that evidence could have formed the basis for a conviction under the statute. The evidence shows a marked resemblance to that held to be sufficient in [Krum, supra], the only significant difference being that in Krum, the defendant had brushed against the state trooper in addition to otherwise interfering with his duties. [Krum, at 359.] However, actual physical interference is not required to be proved to sustain a conviction under the statute. [King, supra.] [Kelley, supra at 774.]
Thus, in the absence of both physical interference or a threat to physically interfere, this Court nevertheless concluded that the evidence supported a resisting or obstructing conviction.
Certain opinions of this Court, however, have suggested that a resisting or obstructing charge requires “active interference.” In the context of deciding cases involving defendants who drove away after having been stopped by the police, this Court has used the phrase “active interference” in describing the conduct necessary for resisting or obstructing. In People v Landrie, 124 Mich App 480, 483; 335 NW2d 11 (1983), this Court noted that “[t]he only evidence of interference was that the defendant left the scene after the officer had stopped him.” This Court believed that the defendant should have been charged with fleeing and eluding, a lesser included offense of interfering with a police officer, stating that
in order to raise the charge to the greater offense, some form of active interference greater than mere fleeing and *486 eluding is necessary. The driving away of a motor vehicle in the face of a police officer’s signal to stop does not constitute interfering with a police officer, MCL 750.479; MSA 28.747. [Landrie, at 483.]
However, in Pohl, supra at 333, this Court referred to active interference in the context of distinguishing the case from Landrie. The Court did not provide detailed facts concerning the incident; however the issue presented was whether mere prearrest flight was sufficient to support a conviction of resisting or obstructing. The Court held that it was. The Court stated that the “defendant’s flight in this case actively-interfered with a deputy sheriff’s traffic stop and investigation of drunk driving. . . . Although defendant did not physically obstruct the officer, he did engage in conduct that under all the circumstances hindered an officer conducting a police investigation . ...” Id.
Although each of the cases discussed above provides some guidance, none is controlling with regard to the question presented in this case because each is factually distinguishable from this case. The language of the resisting or obstructing statute, MCL 750.479; MSA 28.747 provides that “[a]ny person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, . . . constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority . . . shall be guilty of a misdemeanor . . . .” (Emphasis supplied.) The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. People v Stanaway, 446 Mich 643, 658; 521 NW2d 557 (1994). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither neces *487 sary nor permitted. People v Nantelle, 215 Mich App 77, 80; 544 NW2d 667 (1996). However, if judicial construction is necessary, this Court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. People v Adair, 452 Mich 473, 479-480; 550 NW2d 505 (1996). Among the purposes of MCL 750.479; MSA 28.747 is to protect police officers from physical violence and harm. People v Little, 434 Mich 752, 759; 456 NW2d 237 (1990).
In this case, defendant’s repeated response of “no” to the deputy’s request to submit to a warrant for the extraction of his blood implicitly conveyed the message that physical resistance could be expected if the deputy attempted to force compliance with the search warrant. That is, defendant’s conduct left the deputy with a choice between two alternative courses of action. The deputy could have proceeded, as he did, by abandoning any attempt to force defendant to comply with the warrant, thereby decreasing the probability that a physical confrontation would result from the exchange. Or, the deputy could have attempted to execute the warrant by force, thereby increasing the probability that a physical confrontation would result. I believe that the deputy’s decision to abandon any attempt to force defendant to comply with the search warrant was the more sensible one. An officer confronted with an apparently intoxicated individual who has announced, however dispassionately, that he will not comply with a warrant for the extraction of his blood should not be required to attempt to physically force compliance with the warrant in order for the prosecutor to properly charge *488 the individual with resisting or obstructing. Stated differently, an officer should not be required to provoke actual physical interference before the offense of resisting or obstructing is implicated. Such a requirement would contravene the purpose of MCL 750.479; MSA 28.747 to protect police officers from physical violence and harm.
In sum, the question whether a defendant has engaged in conduct that violates the resisting or obstructing statute should be decided case by case. Although the classic example of resisting or obstructing involves a defendant who physically interferes with the officer, actual physical interference is not necessary because case law instructs that an expressed threat of physical interference, absent actual physical interference, is sufficient to support a charge under the statute. Davis, supra at 586. And while an expressed threat of physical interference with an officer is sufficient to support a charge under the statute, such a threat is not necessary because this Court has held that a constant barrage of obscene and abusive remarks to an officer, taken together with the refusal to comply with the officer’s orders, is sufficient to warrant a charge under the statute. Kelley, supra at 774. My review of these cases and the applicable statutory language leads me to conclude, simply, that a charge of resisting or obstructing is supported if under the facts of a given case it can be said that the defendant’s conduct was proscribed under the statute. There is no essential ingredient to support binding a defendant over on a charge of resisting or obstructing save for what is plainly required in the statute. In this case, defendant’s conduct, although indisputably passive in nature, *489 was nevertheless sufficient to constitute obstruction, resistance, or opposition to the deputy’s execution of the search warrant for the extraction of defendant’s blood.
Accordingly, I would conclude that the district court erred in not binding the defendant over to the circuit court on the charge of resisting or obstructing and that the circuit court erred in affirming that decision. I would remand this case to the circuit court with instructions that the circuit court reinstate the charge of resisting and obstructing.