*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2019

Plaintiff-Appellee,

v

No. 343149
Oceana Circuit Court
LC No. 17-012449-FH

SEVEN ADAM LAROUE,

Defendant-Appellant.

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his convictions on two counts of resisting, obstructing, or opposing a police officer. MCL 750.81d(1).[1] We affirm.

In the early morning hours of July 28, 2017, three Oceana County police deputies were called to investigate a suspected break-in at a home in Hesperia, Michigan. The homeowners identified defendant—who was the homeowners' neighbor—as the person who broke their bedroom window. The officers drove down the street to defendant's home to speak with him. The officers parked their marked patrol cars at the end of defendant's driveway roughly 30 to 40 yards from defendant's home. Each officer was dressed in uniform with identifying patches and badges, and was carrying a duty belt with a gun, taser, and other various items attached. After approaching defendant's home, the officers declared their presence by saying "sheriff's office" loudly, announcing themselves individually, and asking defendant to come out and speak to them. Defendant acknowledged the officers and said that he was coming outside. But instead, defendant exited the home through a back window and fled from the officers on foot. Defendant jumped into a swampy pond at the back of his property, and two officers followed him in. Defendant actively resisted arrest and did not comply with the officers' requests for him to stop

---

[1] Defendant was also convicted of one count of miscellaneous destruction of a building less than $200, MCL 750.380(5), but does not contest any aspect of that conviction.

fighting. Eventually, the two officers were able to forcibly remove defendant from the pond and arrest him.

Defendant's sole argument on appeal is that the evidence at trial was insufficient to support his convictions. We disagree. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Hawkins*, 245 Mich App 439, 457 (2001). This Court reviews the evidence in the light most favorable to the prosecution, and asks whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175 (2010).

To prove a defendant guilty of resisting or obstructing a police officer, the prosecution must prove that defendant: (1) assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) knew or had reason to know that the person he resisted and obstructed was a police officer performing his duties. MCL 750.81d(1). The prosecution must also prove that the officer's actions were lawful. *People v Moreno*, 491 Mich 38, 52 (2012); *People v Quinn*, 305 Mich App 484, 492 (2014). Prearrest flight that actively impairs an investigation is sufficient to sustain a conviction for resisting or obstructing a police officer. *People v Pohl*, 207 Mich App 332, 333 (1994).

Defendant does not dispute that he physically resisted the officers and that the officers were acting lawfully at the time of the arrest. Defendant only contests whether the evidence proves that he knew or had reason to know that the person he resisted and obstructed was a police officer performing his duties. Defendant argues that this element was not satisfied because it requires that defendant knew that the officer he resisted was performing his duties lawfully, and there was insufficient evidence to support that defendant believed in the lawfulness of the officers' actions.

A private citizen has a common law right to resist an unlawful arrest or search. *Moreno*, 491 Mich at 41. This right was not abrogated by the adoption of MCL 750.81d. *Id*. It follows that, to sustain a conviction for resisting or obstructing a police officer, the prosecution must prove that the officer in question was acting lawfully at the time of arrest. *Id*. at 52; *Quinn*, 305 Mich App at 492. However, contrary to defendant's contention, there is no requirement that the prosecution prove that *a defendant knew or had reason to know* of the lawfulness of the officer's conduct. The knowledge element for resisting or obstructing an officer only requires proof that the defendant knew or had reason to know that the people he resisted were officers performing their duties; it does not require proof that the defendant appreciated the lawfulness of the officer's actions. Thus, defendant's sufficiency argument is based on a mistaken premise; the prosecution was not required to prove that defendant knew of the lawfulness of the officers' actions when he resisted arrest.

Nonetheless, because defendant has raised a sufficiency of the evidence issue, we address the only element that defendant does not concede was satisfied: whether defendant knew that the persons he resisted were officers performing their duties.

On this issue, the prosecution presented ample evidence at trial for a reasonable jury to find that the element was satisfied. The officers that defendant resisted arrived at defendant's home in marked patrol cars and in full uniform. When the officers approached defendant's

home, they declared their presence by repeatedly yelling "sheriff's office," knocking, and identifying themselves individually. When defendant asked who was there, one deputy identified both himself and the sheriff's department. Before attempting to flee, defendant told the officers from inside his home that he knew why they were there and that he would tell his side of the story to them. When defendant fled—which alone may be sufficient to uphold his conviction, see *Pohl*, 207 Mich App at 333—the officers continued to shout "sheriff's office, stop."

Taking this evidence in the light most favorable to the prosecution, the evidence is sufficient for a rational jury to find beyond a reasonable doubt that defendant knew the deputies were officers performing their duties within the meaning of MCL 750.81d(1). See *Harverson*, 291 Mich App at 175.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien