**VALLEY SANITATION, INC., Appellant,**

**v.**

**Mildred Pauline BLAKELY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 26, 1972.

Rehearing Denied Oct. 6, 1972.

Leonard S. Price, Stuart E. Alexander, Louisville, for appellant.

Robert M. Lindsay, Louisville, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded death benefits to the widow of William Blakely on a finding that the heart attack which caused Blakely's death was "brought about by stress and strain of deceased's work" and that "the heart attack grew out of course of employment and * * * was brought on in the course of decedent's employment." On appeal by the employer to the circuit court the order making the award was affirmed. The employer is appealing here from the circuit court judgment.

Blakely's occupation was that of a garbage tipper. On February 6, 1970, after having given the appearance to his wife, for two or three weeks, of being extremely tired upon coming home from work, he left work early complaining of having chills and feeling bad. According to his wife's testimony, he complained on that day of pain in his left arm and his chest, and he had made similar complaints of pain in his left arm starting "right after Christmas;" he also had complained of being overworked during that period. After continuing to complain of pain, he went to the doctor on February 27. On that occasion he told the doctor he had been vomiting since the previous Friday and "the past three nights he had had chest pains and left arm pain." On that visit an EKG was given, which showed a questionable inferior wall myocardial infarction. Blakely returned to the doctor on March 3, 4 and 5. On the latter day another EKG was given, and it showed definite indications of inferior myocardial infarction. Blakely then was hospitalized, and on March 16 and 17 two more EKG's were done. The first of these began to show an "anterior infarction also," and the second one showed "even more changes." His death occurred on March 28, and was attributed by the doctor to myocardial infarction. He had not worked since February 6.

The doctor was asked a hypothetical question, which described the nature of Blakely's duties as a garbage tipper, and mentioned that during the last of January and the early part of February he had been extremely fatigued on coming home from work, but did not make any reference to the date on which he quit work. The question was:

"Now, based on these facts, which I have asked you to assume to be true, do you feel that this man's work as a garbage tipper, precipitated this heart condition or this heart attack which came on during the month of February, 1970?"

The answer was "Yes."

Later, on cross-examination, the doctor was asked this question:

"Now my question again, Doctor, is assuming that Mr. Blakely last worked on February 7th, 1970, he did not work after that date. How then did his work

as I believe you earlier testified, how did it cause or contribute or precipitate the heart attack?"

The answer was:

"Well, if he was having symptoms between that time, it may have. If he was asymptomatic, I doubt if it did. It depends on whether he was having symptoms between when he quit working and when I—when he gave me the history of the first symptoms which was a week previous to when I seen him."

The only evidence of Blakely's having any symptoms on February 6, and thereafter up to the time he mentioned when he visited the doctor, came from Mrs. Blakely's testimony as to chest and arm pains (which the doctor testified were symptoms of *anterior* wall infarction). It will be noted, however, that Mrs. Blakely said that her husband began complaining of the pains around Christmas. The evidence showed that Blakely was off work by reason of a toe injury from the latter part of December until January 12. Thus the symptoms seem first to have appeared at a time when Blakely was not working.

There simply is no evidence in this case attributing the heart attack to a *work-connected event,* which is a requirement under Hudson v. Owens, Ky., 439 S.W.2d 565, and Terry v. Associated Stone Company, Ky., 334 S.W.2d 926. The only thing shown by the evidence is that some time late in December, when he was not at work, Blakely began to show symptoms of an infarction. The doctor's testimony that the kind of work Blakely was performing could or did precipitate "this heart *condition* or this heart attack" did not establish work-connection in the character of a work-connected *event.* The evidence was not sufficient to sustain the finding on which the award was made.

The judgment is reversed with directions to enter judgment setting aside the order of the Workmen's Compensation Board.

All concur.