**Ralph P. WETHINGTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 8, 1977.

Linda K. West, Asst. Public Defender, Com. of Ky., Frankfort, for appellant.

Miles H. Franklin, Asst. Atty. Gen., Com. of Ky., Frankfort, for appellee.

Before MARTIN, C. J., and WINTER-SHEIMER and GANT, JJ.

MARTIN, Chief Judge.

■ The defendant, Ralph P. Wethington, appeals from a Fayette Circuit Court criminal Judgment sentencing him in accordance with KRS 533.060(2). This section provides that a person who is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock-probation, or conditional discharge, shall not be eligible for this treatment or concurrent sentencing on the subsequent offense. The defendant argues in this case, since the offenses of which he was convicted occurred before KRS 533.060 became effective, the application of this sentencing provision to him violates the United States Constitution's bar against *ex post facto* laws.

On June 7, 1976, defendant was indicted in the Fayette Circuit Court on three counts of theft by deception in violation of KRS 514.040 and as a recidivist under KRS 532.-080. On July 12, 1976, he was separately indicted for an additional count of theft by deception. On September 27, 1976, in the Fayette Circuit Court, Sixth Division, he entered a "Waiver of Further Proceedings with Petition to Enter Plea of Guilty" as to counts one and three of the June 7 indictment and the additional count of theft by deception in the July 12 indictment. At that hearing, on the motion of the Commonwealth's Attorney, the trial judge dismissed the second count of theft by deception and the charge of recidivism in the June 7 indictment. Judgments of guilty were entered on the two counts of theft remaining in the June 7 indictment, and on the count of theft in the July 12 indictment. The trial court fixed a sentence of one year each on counts one and three of the June 7 indictment and ordered that they run concurrently. The court sentenced Wethington to a term of one year on the guilty plea to the July 12 indictment and ordered that the sentence run consecutively with his sentence on the June 7 indictment for a total of two years to serve. The trial judge took the position that KRS 533.060(2), which went into effect June 19, 1976, eliminated any discretion on his part in regard to whether defendant was eligible for probation or conditional discharge, or whether the sentences could run concurrently rather than consecutively as he ordered.

In this appeal, defendant takes the position that KRS 533.060, as applied to him, is *ex post facto* and therefore invalid under the United States Constitution. The Attorney General, in his brief for the Commonwealth of Kentucky, has confessed error and requested the case be remanded for a new sentencing hearing. This Court has reviewed the matter and concludes that the trial court was in error in applying the new statute to the defendant.

The United States Constitution, Article I, Section 10, Clause I, provides that "No state shall . . . pass any bill of attainder, (or) ex post facto law . . ." This prohibition of the Constitution has been extended to cover sentencing provisions and penalties as well as offenses. In *Lindsey v. State of Washington*, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937), the court held that a new statute, the effect of which was to make mandatory what was before only a maximum sentence, violated the *ex post facto* prohibition of the Constitution as it was applied to a person who allegedly committed an offense prior to the effective date of the statute. In *Lindsey*, on the date the offense was committed the maximum penalty for the offense was 15 years. Under the old statute, all sentences were required to be for a term of not less than the minimum nor greater than the maximum term prescribed by law for that offense. The new statute, which went into effect after the commission of the offense but before the sentencing date, removed any discretion in setting the penalty within a range, and required that the court fix the maximum sentence as provided under the statute for the offense. After confinement, the Board of Prison and Parole, however, could reduce this and would fix the duration of actual confinement. In sentencing, the court followed the new statute and imposed the maximum sentence provided by law. The Supreme Court of Washington upheld the

trial court, rationalizing that the amendment did not change or inflict a greater punishment than the statute in effect when the crime was committed.

The United States Supreme Court disagreed and held the later standard of punishment was a more onerous one than the earlier standard. It held that the effect of the new statute was to make mandatory what before was only the maximum sentence. In *Lindsey, supra,* at page 401, 57 S.Ct. at page 799, the court stated:

It is true that petitioners might have been sentenced to fifteen years under the old statute. But the ex post facto clause looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed. The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrong-doer.

In the present situation, if the sentencing provisions of KRS 533.060 are construed to be applicable to all persons convicted on and after the effective date of those provisions, then it is clear that KRS 533.060 would be unconstitutional under *Lindsey.* As in *Lindsey,* the new standard of punishment adopted by KRS 533.060 is more onerous than the old statute. While the old statute left to the discretion of the trial judge eligibility for probation and running of sentences, the new statute completely denies eligibility for probation and commands that the *period of confinement may not run concurrently with any other sentence.* As held in *Lindsey,* the effect of the new statute is to make mandatory what was before only the maximum sentence.

■ In reading the language of KRS 533.060, it refers to the court's discretion, or lack thereof, at the time of the *conviction,* rather than at the time the offense was committed. Help for this position is found in KRS 446.110:

No new law shall be construed to repeal a former law as to . . . any right accrued or claim arising under the former law, or in any way whatever to affect any such . . . right accrued or claim arising before the new law takes effect.

It further states:

If any penalty, forfeiture, or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

It conspicuously does *not* say that a penalty made more severe by a new statutory provision may be applied to a judgment pronounced after the new law takes effect. It should be further noted that in statutory construction there exists a presumption in favor of the constitutionality of a duly enacted statute. The statute, whenever possible, should be construed to be constitutional. See *Valley Sanitation, Inc. v. Blakely,* Ky., 484 S.W.2d 858 (1972); *Sasaki v. Commonwealth,* Ky., 485 S.W.2d 897 (1972).

We hold that the sentencing provisions of KRS 533.060 may only be applied to persons convicted of offenses which allegedly occurred on or after June 19, 1976, the effective date of the statute.

The judgment of the circuit court is reversed and the case is remanded to that court with directions to hold a sentencing hearing in conformity with this opinion.

All concur.