James **LATTIMORE**, Appellant,

v.

**CORRECTIONS CABINET**, et al., Appellees.

No. 89–CA–2304–MR.

Court of Appeals of Kentucky.

June 8, 1990.

James Lattimore, pro se.

Connie Vance Malone, Corrections Cabinet, Office of Gen. Counsel, Frankfort, for appellee.

Before EMBERTON, HAYES and WILHOIT, JJ.

PER CURIAM.

This is an appeal from an order of the Oldham Circuit Court, entered October 17, 1989, denying appellant's pro se petition for writ of habeas corpus.

Appellant complains that the application of KRS 533.060(2) to his sentences constitutes an ex post facto law in violation of Article I, Section 10 of the United States Constitution. KRS 533.060(2) reads in pertinent part:

When a person has been convicted of a felony and is committed to a correctional facility ... and released on parole ... and is convicted or enters a plea of guilty to a felony committed while on parole, ... the period of confinement for that felony shall not run concurrently with any other sentence.

This statute became effective June 19, 1976. Appellant's first conviction was for a crime committed December 29, 1973, for which he received a 21–year sentence. The second and third convictions were for crimes committed in 1980 and 1983, for which he received sentences of five years and ten years, respectively. Both these latter judgments were silent as to whether they were to be served concurrently or consecutively with any other sentence.

Pursuant to KRS 532.110(2), if the sentencing court is silent as to how a sentence is to run, it is to be served concurrently with any other sentence to be served. KRS 533.060(2) has been held to control over KRS 532.110(2). *Riley v. Parke*, Ky., 740 S.W.2d 934 (1987).

Appellant asserts that by applying KRS 533.060(2) to cause his latter two sentences to be served consecutively with the sentence for his 1973 crime, the court is making "more onerous the punishment for crimes committed before [the statute's] enactment." *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 968, 67 L.Ed.2d 17 (1981); *see also Lindsey v. Washington*, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937).

In addition to *Weaver, supra,* appellant cites as authority for his position, the cases of *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); and *Wethington v. Commonwealth*, Ky.App., 549 S.W.2d 530 (1977). We do not believe these cases support the granting of habeas corpus relief. *Weaver* provides that two elements must be present for a law to be considered ex post facto: (1) "it must apply to events occurring before its enactment," and (2) "it must disadvantage the offender." *Weaver*, 101 S.Ct. at 964. (Footnotes omitted.) In *Weaver*, the Florida statute for computing gain-time was changed after Weaver pled guilty to second-degree murder and was imprisoned. The new statute decreased the amount of gain-time a prisoner could earn per month, thus reducing the number of days that could be deducted from his sentence. 101 S.Ct. at 963. The United States Supreme Court held that the new statute, as applied to Weaver, "makes more onerous the punishment for crimes committed before its enactment," and runs afoul of the prohibition against ex post facto laws. 101 S.Ct. at 968. (Footnote omitted.)

In *Miller v. Florida*, sentencing guidelines were changed after Miller committed his crimes, but before he was convicted. Under both the old and new guidelines, several factors were taken into consideration in fixing sentences, such as prior record, victim injury, category of offenses,

and these were assigned points to form a composite score. *Miller*, 107 S.Ct. at 2449. Under the new guidelines, Miller's presumptive sentence increased from five and one-half to seven years. 107 S.Ct. at 2450. Again, the United States Supreme Court found that the Florida statute was void as applied to Miller, whose crime had occurred before the effective date of the law. 107 S.Ct. at 2454.

In both these cases, however, the statutes as applied had a very real and direct effect on the actual time the prisoner remained behind bars. In the instant case, KRS 533.060(2) has no application to appellant's first sentence for armed robbery committed in 1973. It merely specifies when his subsequent sentences shall begin to be served, by providing that they shall be consecutive to his previous sentence.

Appellant also relies on *Wethington v. Commonwealth* for authority. That case held that sentencing provisions of KRS 533.060 may only be applied to persons convicted of offenses occurring on or after June 19, 1976, the effective date of the statute. *Wethington*, 549 S.W.2d at 532. In *Wethington*, the defendant was first indicted on June 7, 1976. The second indictment was entered July 12, 1976, but the opinion is silent as to when the crime for that indictment was committed. However, a review of the official court record in *Wethington* reveals that the July 12 indictment was for a crime committed on January 20, 1976. Appellant's situation is one in which KRS 533.060 is being applied to crimes which straddle the effective date of the statute. Since both crimes in *Wethington* predated the effective date of the statute, the fact that this Court did not permit the application of KRS 533.060 to Wethington's case does nothing to advance appellant's argument.

Even without resort to the record to discover the date of the crime for the second indictment, the opinion in *Wethington* does not go so far as to support appellant's contention, because it leaves the reader to speculate about the date of the crime. Appellant has extended this speculation into a rule of law prohibiting KRS 533.060(2) from being applied to mandate consecutive sentences when the dates of the crimes occur both before and after June 19, 1976. This Court has been unable to find any case in point with appellant's situation.

Given the fact that *Wethington* does not go so far as appellant claims, and the fact that KRS 533.060(2) has no application to appellant's first sentence, we do not believe appellant is entitled to the relief he seeks, nor that KRS 533.060 is violative of the ex post facto clause. Accordingly, the order of the Oldham Circuit Court denying appellant's petition for writ of habeas corpus is hereby AFFIRMED.

All concur.