Tori LOZIER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–001117–MR.

Court of Appeals of Kentucky.

April 7, 2000.

Discretionary Review Denied by Supreme Court Dec. 13, 2000.

**512**

Irvin J. Halbleib, Louisville, for Appellant.

Albert B. Chandler, III, Attorney General of Kentucky, Anitria M. Franklin, Assistant Attorney General, Frankfort, for Appellee.

Before: Chief Judge, GUDGEL; KNOPF and McANULTY, Judges.

## OPINION

KNOPF, Judge:

This is an appeal from a judgment of conviction by the Wolfe Circuit Court on the charge of third-degree sodomy. The trial court sentenced the appellant to a five-year term of imprisonment and a three-year term of conditional discharge. We find that the application of KRS 532.043 to the appellant's sentence is unconstitutional as an ex post facto law. However, we also find that the application of KRS 197.045(4) does not operate as an ex post facto law as applied to the appellant. Hence, we affirm the judgment in part, vacate the judgment in part, and remand for entry of a new sentence without the imposition of the additional term of conditional discharge.

On October 9, 1997, a Wolfe Circuit Court Grand Jury returned an indictment against the appellant, Tori Lozier, charging her with first-degree sodomy by engaging in deviate sexual intercourse with a minor child less than twelve years of age. KRS 510.070. On January 8, 1999, Lozier filed a motion to enter a guilty plea to an amended charge of third-degree sodomy. KRS 510.090. The trial court accepted the plea agreement and sentenced Lozier to a total sentence of five years.

During her sentencing hearing, Lozier argued that KRS 532.043 (which mandates the imposition of an additional three-year period of conditional discharge for persons convicted of certain sexual offenses), and KRS 197.045(4) (regulating "good time" credit for incarcerated sex offenders), are

unconstitutionally applied to her as ex post facto laws.[1] Following briefing of the issue by both sides and oral arguments, the trial court denied Lozier's motion to declare the statutes unconstitutional. This appeal followed.

On appeal, Lozier again argues that the additional three year conditional discharge imposed by KRS 532.043,[2] and the additional requirements imposed by KRS 197.045(4) for earning credit toward her parole for good behavior,[3] are ex post facto laws. Thus, she contends that the statutes are unconstitutional as applied to her. For the reasons that follow, we agree with her reasoning with regard to the application of KRS 532.043, but we disagree with her reasoning with regard to the application of KRS 197.045(4).

---

1. An ex post facto law is a law passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed. In the criminal law context, an ex post facto law is one that inflicts a greater punishment than the law annexed to the crime when it was committed. *Blacks Law Dictionary*, (6 th ed., 1990), p. 580.

2. KRS 532.043 provides as follows:
(1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, KRS 530.020, 530.064, or 531.310 shall be sentenced to a period of conditional discharge following release from:
(a) Incarceration upon expiration of sentence; or
(b) Completion of parole.
(2) The period of conditional discharge shall be three (3) years.
(3) During the period of conditional discharge, the defendant shall:
(a) Be subject to all orders specified by the Department of Corrections; and
(b) Comply with all education, treatment, testing, or combination thereof required by the Department of Corrections.
(4) Persons under conditional discharge pursuant to this section shall be subject to the supervision of the Division of Probation and Parole.
(5) If a person violates a provision specified in subsection (3) of this section, the violation shall be reported in writing to the Commonwealth's attorney in the county of conviction. The Commonwealth's attorney may petition

the court to revoke the defendant's conditional discharge and reincarcerate the defendant for no longer than the time remaining on the conditional discharge.
(6) The provisions of this section shall apply only to persons convicted, pleading guilty, or entering an Alford plea after July 15, 1998.

3. KRS 197.045(4) provides as follows:
Until successful completion of the sex offender treatment program, a sex offender may earn good time. However, the good time shall not be credited to the sex offender's sentence. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all good time earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections. After successful completion of the sex offender treatment program, a sex offender may continue to earn good time in the manner provided by administrative regulations promulgated by the Department of Corrections. Any sex offender, as defined in KRS 197.410, who has not successfully completed the sex offender treatment program as determined by the program director shall not be entitled to the benefit of any credit on his sentence. A sex offender who does not complete the sex offender treatment program for any reason shall serve his entire sentence without benefit of good time, parole, or other form of early release. The provisions of this section shall not apply to any sex offender convicted before July 15, 1998, or to any mentally retarded sex offender.

▇▇▇ Both the United States Constitution and the Kentucky Constitution prohibit ex post facto laws.[4] As the United States Supreme Court observed in *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17, (1981), "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Id.* at 30, 101 S.Ct. 960. Two elements must be present for a law to be considered ex post facto: "(1) 'it must apply to events occurring before its enactment,' and (2) 'it must disadvantage the offender.'" *Lattimore v. Corrections Cabinet,* Ky.App., 790 S.W.2d 238, 239 (1990); (quoting *Weaver,* 450 U.S. at 29, 101 S.Ct. 960).

In the present case, the application of this rule leads to different results in reviewing the constitutionality of KRS 532.043 and KRS 197.045(4). With regard to both statutes, the first element is applicable in these circumstances. KRS 532.043 and KRS 197.045(4) each became effective on July 15, 1998. The crime to which Lozier pleaded guilty on January 8, 1999—third-degree sodomy—occurred on August 11, 1997. Lozier committed the crime prior to the enactment of the statutes. Accordingly, the circuit court retrospectively applied KRS 532.043 and KRS 197.045(4) to Lozier.

▇▇▇ In addition to retrospective application, the statutes must also disadvantage Lozier to be unconstitutional ex post facto laws. When Lozier committed third-degree sodomy, a Class D felony, she was exposed to the possibility of a maximum five-year sentence. KRS 532.060(2)(d). According to KRS 532.043(5), if Lozier violates the terms of her conditional discharge, "[t]he Commonwealth's attorney may petition the court to revoke the defendant's conditional discharge and reincarcerate the defendant for no longer than the time remaining on the conditional discharge." Thus, under KRS 532.043, Lozier is subject to the possibility of serving three additional years beyond the maximum five-year sentence to which she was subject when she committed the crime of third-degree sodomy. Such a result obviously disadvantages Lozier.

▇▇▇ In contrast, application of KRS 197.045(4) does not impose any additional punishment upon Lozier. A person convicted and sentenced to a state penal institution may receive credit on his or her sentence for good behavior or for other meritorious conduct. KRS 197.045(1). Since Lozier was convicted and sentenced after the effective date of the statute, it does not deprive her of any previously earned credits. In addition, KRS 197.045(4) does not deprive Lozier of the opportunity to earn good time credit and to qualify for early parole. Rather, KRS 197.045(4) merely defers the effective date of any good time credit which Lozier may earn in prison until she has successfully completed a sex offender treatment program. Once she completes the program, her accrued good time credit will be credited against her sentence. Consequently, we find no indication that Lozier will be disadvantaged by the application of KRS 197.045(4).

▇▇▇ Because the circuit court retrospectively applied KRS 532.043 to Lozier, and the application of that statute disadvantaged her, we hold that KRS 532.043 is unconstitutional as applied to Lozier and to any defendant whose crime was committed prior to July 15, 1998. However, we also find that the application of KRS 197.045(4) does not retrospectively disadvantage Lozier's accumulation of good time credits. Consequently, we find that KRS 197.045(4) may be constitutionally applied to Lozier. Accordingly, we affirm those portions of the judgment imposing upon Lozier a five-year sentence for third-degree sodomy and upholding the constitutionality of KRS 197.045(4), but we vacate that portion of the judgment imposing an

---

4. *See U.S. Const.* Art. I, § 9, cl. 3, and § 10; *Ky. Const.* § 19.

additional three-year period of conditional discharge. We remand this matter to the Wolfe Circuit Court for entry of a new judgment in accord with this opinion.

ALL CONCUR.