**Kenneth LEWIS, Plaintiff–Appellant,**

v.

**Tom CAMPBELL, Commissioner, Kentucky Department of Corrections; Kathi Peterson, Director of Mental Health, KSR, LaGrange Kentucky; Dale Watson, Warden, WKCC, Eddyville; Barbara Hurley, Grievance Coordinator, WKCC; Becky Pancake, Classification Member & Supervisor, WKCC; Brian K. Henson, Classification Supervisor, WKCC; Sue Thompson, Records & Treatment Supervisor, WKCC; Ellen Cockerham, Offenders Records Supervisor, WKCC; James L. Morgan, Warden, Northpoint Training Center; Marty Rowlands, Offenders Records Supervisor, NTC, Defendants–Appellees.**

No. 02–5784.

United States Court of Appeals,
Sixth Circuit.

May 2, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Kenneth Lewis, a Kentucky prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Lewis sued Kentucky Department of Corrections (KDOC) Director Tom Campbell, Mental Health, Sex Offender Treatment Program (SOTP) Director Kathi Peterson, Western Kentucky Correctional Complex (WKCC) Warden Dale Watson, WKCC Grievance Coordinator Barbara Hurley, WKCC Classification Committee Member Becky Pancake, WKCC Classification Supervisor Brian K. Henson, WKCC Records and Treatment Supervisor Sue Thompson, WKCC Offenders Records Supervisor Ellen Cockerham, Northpoint Training Center (NTC) Warden James L. Morgan, and NTC Offenders Records Supervisor Marty Rowland. Lewis alleged, among other things, that the defendants violated his rights under the Ex Post Facto Clause of the Constitution when they required him to participate in a SOTP to receive good-time credits against his sentence. *See* Ky.Rev.Stat. § 197.045(4). The district court granted Lewis in forma pauperis status, screened the complaint, and dismissed all of the claims except Lewis's ex post facto claim. The defendants filed an answer and Lewis moved for an injunction. The district court denied Lewis's motion and dismissed the case. The court held that the statute did not violate the Ex Post Facto Clause because it did not deprive Lewis of any previously earned good-time credits. The district court also denied Lewis's post-judgment motions.

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

In his appeal, Lewis argues that applying Ky.Rev.Stat. § 197.045(4) retroactively to his sentence violates the Ex Post Facto Clause.

Initially, we note that Lewis does not argue that the district court erred by dismissing the other claims he raised in his complaint. Accordingly, he has waived those claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). The only issue on appeal is Lewis's ex post facto challenge to Ky.Rev.Stat. § 197.045(4).

We review de novo the district court's sua sponte dismissal of Lewis's complaint. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we affirm the district court's decision for the reasons stated by the district court. Lewis alleged that applying Ky.Rev.Stat. § 197.045(4) to his sentence violated his rights under the Ex Post Facto Clause. The statute provides that sex offenders must complete a SOTP in order to receive good-time credits and to be eligible for parole or other early release. The law applies to Lewis because he was convicted of sex offenses after the effective date of the statute, although he committed the crimes before the statute took effect. Because he has not completed a SOTP, Lewis is not scheduled for release until the expiration of his five-year sentence.

Lewis's complaint failed to state a claim. The Ex Post Facto Clause prohibits any law which: (1) punishes an act which was innocent at the time it was committed; or (2) retroactively increases punishment for a crime after its commission. *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). The statute at issue here does not violate the Ex Post Facto Clause because it did not increase Lewis's punishment beyond his five-year sentence. *See Chambers v. Colorado Dep't of Corr.,* 205 F.3d 1237, 1241–42 (10th Cir.

2000); *Neal v. Shimoda,* 131 F.3d 818, 827 (9th Cir.1997); *Lozier v. Commonwealth,* 32 S.W.3d 511, 514 (Ky.Ct.App.2000).

Accepting all of Lewis's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.