Lawrence M. FROMAN,
Plaintiff–Appellant,

v.

Kathy PETERSON, et al., Defendants,

Thomas Mugavin, Deputy Warden; Robert Brock, Psychologist, Sex Offender Treatment Program; Lucille Motta, Psychologist; Linda Franks; Joanie Abramson, Committee Members, Ky. Parole Board; James C. Rankin, Com-

mittee Member, Ky. Parole Board; Lutitia Papallier, Committee Member, Ky. Parole Board, Defendants–Appellees.

No. 02–6128.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

## ORDER

Pro se Kentucky prisoner and frequent litigator Lawrence M. Froman appeals a district court order that dismissed his civil rights suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a)

Froman sued prison psychologists, a guard, and members of the Kentucky Parole Board. Froman alleged, among other things, that the defendants violated his rights under the Ex Post Facto Clause of the Constitution when they required him to participate in a Sex Offender Treatment Program ("SOTP") to receive good-time credits against his sentence. *See* Ky.Rev. Stat. § 197.045(4). Froman prayed for $7 million in monetary damages, an order prohibiting the Board from denying him parole, and declaratory relief.

The district court granted summary judgment for the defendants.

In his timely appeal, Froman argues that the district court should have forced the defendants to respond to his discovery requests before granting the defendants'

motions to dismiss or for summary judgment. Both parties have filed briefs.

■ Froman's claim that he was denied adequate discovery is meritless. A plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. *See Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997). Regardless of the facts that he could have proved, Froman's core contention lacks merit for the reasons stated below; thus, his appellate contention is unavailing.

We review a grant of summary judgment *de novo*, using the same test used by the district court. *See Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). We view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ The judgment for the defendant was proper for the reasons given by the district court. Plaintiff in essence challenges the Parole Board's discretionary application of a policy reflected in the statute that all parties agree does not apply to him. The Ex Post Facto Clause prohibits any law which: (1) punishes an act which was innocent at the time it was committed; or (2) retroactively increases punishment for a crime after its commission. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Even if the statute at issue were retroactively applied to plaintiff, it would not violate the Ex Post Facto Clause because it would not increase Froman's punishment beyond his original sentence. *See Chambers v. Colo-*rado Dep't of Corr., 205 F.3d 1237, 1241–42 (10th Cir.2000) (requirement that offender participate in sexual offender treatment program was not an ex post facto violation, although offender lost earned credit for failing to participate in program); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.1997) (denying an inmate parole following his classification as a sex offender so that he can participate in a mandatory treatment program for conduct which occurred prior to program's beginning does not violate the Ex Post Facto Clause); *Lozier v. Commonwealth*, 32 S.W.3d 511, 514 (Ky.Ct. App.2000) (Ky.Rev.Stat. § 197.045(4) does not violate Ex Post Facto Clause because it does not impose additional punishment or deprive inmates of previously earned sentence credits).

Accordingly, the district court's judgment is AFFIRMED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.