**Adassa Zaire AMIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6071.**

Court of Appeals of Alaska.

June 6, 1997.

Leslie A. Hiebert, Assistant Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

Cynthia L. Herren, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., MANNHEIMER, J., and JOANNIDES, District Court Judge.*

MANNHEIMER, Judge.

In 1995, the Alaska Legislature amended the sentence appeal statute, AS 12.55.120, to place certain restrictions on criminal defendants' right to appeal sentences of imprisonment. *See* 1995 SLA, ch. 79, §§ 7–8. These restrictions became effective on July 1, 1995. *See id.,* § 45. However, the legislature specifically provided that the new sentence appeal restrictions "appl[y] to offenses committed before, on, or after the effective date of this Act". *See id.,* § 41.

This case requires us to decide whether the *ex post facto* clauses of the federal and state constitutions bar the legislature from applying these sentence appeal restrictions to defendants whose crimes were committed before July 1, 1995. We hold that the new sentence appeal statute can lawfully be applied to defendants whose crimes pre-date the effective date of the statute.

Adassa Zaire Amin [1] was indicted on eleven counts (ten felonies and one misdemeanor) based on allegations that she engaged in various acts of welfare fraud between the years 1989 and 1994. Amin ultimately reached a plea agreement with the State; under this agreement, she pleaded no contest to three counts—scheme to defraud, AS 11.46.600(a)(2), second-degree forgery, AS 11.46.505(a)(1), and unsworn falsification, AS

---

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

1. Ms. Amin also apparently is or has been known as Brenda Amin, Brenda Gage, Brenda Gambell, Brenda Jean Jones, Brenda Richey, Paula Jones, and Paula BJ Jones.

11.56.210(a). The State agreed that Amin would receive no more than 3 years to serve for these crimes. (The court could impose additional jail time, but it would be suspended.)

In accordance with this sentencing agreement, the superior court sentenced Amin to a composite term of 6 years' imprisonment with 3 years suspended (3 years to serve). Amin now appeals this sentence, contending that it is excessive.

The State responds that Amin does not have the right to file a sentence appeal. The sentence appeal statute, AS 12.55.120(a), states that a defendant can not appeal a sentence of imprisonment if the sentence "was imposed in accordance with a plea agreement ... [that] provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sentence". As explained above, Amin bargained for no more than 3 years to serve, and she received a sentence that conformed to this agreement. The State therefore concludes that Amin has no right to appeal her sentence.

Amin concedes that AS 12.55.120(a) precludes her sentence appeal. She argues, however, that application of this statute to her case will violate the *ex post facto* clauses of the United States Constitution and the Alaska Constitution. *See* United States Constitution, Art. I, Sec. 10; Alaska Constitution, Art. I, Sec. 15.[2]

As noted above, the current version of AS 12.55.120(a) became effective on July 1, 1995. Amin's crimes were committed between 1989 and 1994. Under the former version of AS 12.55.120(a) that was in effect during those years, Amin would have been able to pursue a sentence appeal. Amin argues that, because her crimes were committed before the new sentence appeal statute became effective, and because the new statute puts her in a worse position, the *ex post facto* clause bars application of that statute to her case.

■ Amin relies on language from *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987), where the Supreme Court stated that the *ex post facto* clause forbids application of any retrospective law that "disadvantage[s] the offender affected by it". (Quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).) The new version of AS 12.55.120(a) is undoubtedly retrospective; the legislature declared that it was intended to apply to all defendants, regardless of whether their crimes were committed before or after the effective date of the session law. And Amin points out that the new version of AS 12.55.120(a) puts her in a worse position—because she now must petition for review of her sentence rather than demanding appellate review through appeal. Amin therefore asserts that application of the new statute to her case violates the *ex post facto* clause.

However, the language from *Miller* is an oversimplification of the *ex post facto* test. In *California Dept. of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), the Supreme Court disavowed *Miller*'s phrasing of the test, as well as similar phrasing the Court had used in *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), and *Lindsey v. Washington*, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937).

*Morales* involved a change in California's rules governing parole. Morales was convicted of second-degree murder for killing his wife in 1980. At the time of Morales's crime, California's parole rules allowed all prisoners to make annual applications for parole. However, under legislation passed in 1981, the parole board no longer was obliged to hear annual applications from prisoners convicted of more than one criminal homicide; having once determined that such a prisoner was unsuitable for parole, the board could delay the prisoner's subsequent applications

---

**2.** As we recently explained in *Rozkydal v. State*, 938 P.2d 1091 (Alaska App., 1997), the amendment to AS 12.55.120(a) does not mean that Amin is powerless to seek appellate review of her sentence. Even when AS 12.55.120(a) restricts a defendant's right to "appeal" a sentence (that is, the right to demand appellate review of the sentence by this court), the defendant retains the right to file a petition for sentence review with the supreme court under Alaska Appellate Rule 215(a). That is, Amin can petition the supreme court to exercise its discretionary power to review her sentence. *Rozkydal*, slip opinion at 7–8, at ——–——.

by as much as three years. *Morales*, 514 U.S. at 502, 115 S.Ct. at 1600.

Morales asserted that the *ex post facto* clause barred application of the new parole rules to him. He pointed out that the new rules were promulgated after he committed his crime and that the new rules operated to his disadvantage, potentially lengthening the amount of time he would serve in prison before he was paroled. *Id.* The Supreme Court rejected this argument:

> Both before and after the 1981 amendment, California punished the offense of second-degree murder with an indeterminate sentence of "confinement in the state prison for a term of 15 years to life." ...
> The 1981 amendment made only one change: it introduced the possibility that[,] after the initial parole hearing, the Board would not have to hold another hearing the very next year, or the year after that, if it found no reasonable probability that [the prisoner] would be deemed suitable for parole in the interim period.... [T]he laws at issue in *Lindsey, Weaver,* and *Miller* ... had the purpose and effect of [increasing] the range of available prison terms[.] ... Rather than changing the sentencing range applicable to [the] covered crimes, the 1981 amendment [to the parole rules] simply "alters the method to be followed" in fixing a parole release date [using] identical substantive standards.

*Morales*, 514 U.S. at 507, 115 S.Ct. at 1602 (citations omitted).

The Court also disavowed the description of the *ex post facto* test in *Lindsey, Weaver,* and *Miller:*

> Our opinions in *Lindsey, Weaver,* and *Miller* suggested that enhancements to the measure of criminal punishment fall within the *ex post facto* prohibition [if] they operate to the "disadvantage" of covered offenders. *See Lindsey,* 301 U.S. at 401, 57 S.Ct. at 799; *Weaver,* 450 U.S. at 29, 101 S.Ct. at 964; *Miller,* 482 U.S. at 433, 107 S.Ct. at 2452–53.... [T]hat language was unnecessary to the results in those cases and is inconsistent with the framework developed in *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). After *Collins,* the fo-

cus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor ... on whether the amendment affects a prisoner's *"opportunity* to take advantage of provisions for early release," see [the dissent,] *post* at 1607[.] [Rather, the test is] whether any [new law] alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*Morales,* 514 U.S. at 506–07 n. 3, 115 S.Ct. at 1602 n. 3.

■ Under *Collins v. Youngblood* (cited in the just-quoted passage from *Morales* ), the *ex post facto* clause prohibits the retrospective application of laws that "alter the definition of crimes or increase the punishment for criminal acts". 497 U.S. at 43, 110 S.Ct. at 2719. Alaska's new sentence appeal statute does neither.

As we explained in *Rozkydal v. State* (see footnote 2), the effect of the new statute is to require certain defendants to seek discretionary review of their sentences rather than allowing such defendants a sentence appeal of right. However, this change in the procedure for seeking sentence review did not alter the substantive standard governing that review. That substantive standard remains the same: a sentence is to be reversed or disapproved if it is "clearly mistaken" as defined in *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). Thus, under *Collins* and *Morales,* application of Alaska's new sentence appeal statute to Amin (and other defendants whose crimes pre-date the change in the law) does not violate the *ex post facto* clause of the United States Constitution.

This result is supported by various court decisions dealing with similar issues. For instance, a statute granting the government an expanded right to appeal in criminal cases can be applied to proceedings against defendants whose crimes were committed before the statute was passed. *Mallett v. North Carolina,* 181 U.S. 589, 597, 21 S.Ct. 730, 733, 45 L.Ed. 1015 (1901); *Nilson Van & Storage Co. v. Marsh,* 755 F.2d 362, 365–66 (4th Cir.1985). Likewise, a statute which prohibits bail pending appeal to certain offenders, or which expands the authority of a trial

court to deny bail pending appeal, can be applied against defendants whose crimes pre-date the change in the law. *Petition of Hamel*, 137 N.H. 488, 629 A.2d 802, 805–06 (1993); *United States v. Affleck*, 765 F.2d 944, 948–951 (10th Cir.1985); *United States v. Molt*, 758 F.2d 1198, 1200–01 (7th Cir. 1985). The court in *Molt* observed:

> It would be odd to think that by committing a crime, a person acquired an indefeasible right to be tried for it in a particular way, or that in deciding whether to commit a crime the prospective criminal will have regard to the particulars of the procedures for the trial and appeal of criminal cases.

*Molt*, 758 F.2d at 1200.

In *Ex Parte Allen*, 699 S.W.2d 886, 894–96 (Tex.App.1985), the Texas legislature passed a law that barred petitions for rehearing after an appeals court had affirmed an extradition order. The Texas court rejected an *ex post facto* challenge to retrospective application of this new statute. In *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 460 S.E.2d 636, 646–48 (1995), the legislature repealed the statute that gave defendants the right to a trial *de novo* by jury in circuit court if they appealed a conviction entered in magistrate court. The West Virginia court held that the new appeals procedure (in which defendants did not receive a trial *de novo* ) could lawfully be applied to defendants whose crimes pre-dated the new law. And in *State v. Metoyer*, 427 So.2d 93, 94–96 (La.App.1983), the legislature shortened the time limit for filing a notice of criminal appeal; the court held that the shortened time period could be applied to defendants who committed their crimes before the change in the law.

One court decision favorable to Amin's position is *Booker v. State*, 514 So.2d 1079, 1082–84 (Fla.1987). In *Booker*, the Florida Legislature passed a statute that prohibited any appellate review of a sentencing judge's decision to depart from the legislatively established guideline sentence for the defendant's crime. The Florida Supreme Court ruled that the *ex post facto* clause barred application of this statute to defendants whose crimes pre-dated the statute.

■ We find *Booker* distinguishable. When the Alaska Legislature amended AS 12.55.120(a), the legislature did not eliminate any defendant's right to seek appellate review of a sentence. Instead, the legislature altered the procedure by which appellate review can be obtained (requiring some defendants to file a petition for review rather than an appeal). Retrospective application of this procedural amendment is not barred by the federal *ex post facto* clause.

Amin also asserts that retrospective application of AS 12.55.120(a) is barred by the *ex post facto* clause of the Alaska Constitution. However, as Amin herself notes, the Alaska Supreme Court has indicated that the Alaska *ex post facto* clause is to be construed in the same manner as its federal counterpart. *State v. Creekpaum*, 753 P.2d 1139, 1143 (Alaska 1988). Amin makes no argument that Alaska's *ex post facto* clause gives her greater protection than the federal *ex post facto* clause.

In sum, we hold that the current version of AS 12.55.120(a) can be applied to Amin even though her crimes pre-date the effective date of the statute. Because Amin agreed to a sentence "cap" of 3 years to serve, and because her sentence of 6 years' imprisonment with 3 years suspended conforms to this sentence cap, Amin is not entitled to appeal her sentence on the ground of excessiveness. AS 12.55.120(a); *Rozkydal v. State, supra*. Accordingly, this appeal is DISMISSED.

■ Amin is, however, entitled to petition the supreme court to review her sentence under Appellate Rule 215(a)(2). Given the circumstances, we exercise our authority under Appellate Rule 521 to relax Appellate Rule 403(h)(1), the rule that sets the time limits for petitioning for review of a non-appealable sentence. If Amin wishes to petition for review of her sentence, the time limits specified in Appellate Rule 403(h)(1) shall be calculated, not from the distribution date of the superior court's judgement, but rather from the date our decision takes effect. *See* Appellate Rule 512(a)(2).