James S. STONEKING, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7822.

Court of Appeals of Alaska.

Jan. 11, 2002.

---

**28.** *Foster,* 883 P.2d at 400.

James M. Hackett, Law Office of James M. Hackett, Fairbanks, for Appellant.

Kim S. Stone, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, STEWART, Judge, and ANDREWS, Superior Court Judge.*

*OPINION*

STEWART, Judge.

James S. Stoneking was sentenced on January 14, 1988, for first-degree murder,[1] attempted first-degree murder,[2] first-degree burglary,[3] and first-degree assault.[4] We affirmed Stoneking's convictions in *Stoneking v. State.*[5] On December 30, 1999, Stoneking filed an application to modify his sentence under Criminal Rule 35(b). Superior Court Judge Charles R. Pengilly dismissed the application as untimely. Stoneking now appeals the dismissal, challenging on several grounds the 1995 amendment to AS 12.55.088

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. AS 11.41.100(a)(1).

2. AS 11.41.100(a)(1); AS 11.31.100(a).

3. AS 11.46.300(a)(1).

4. AS 11.41.200(a)(1).

and alleging an independent right to file his application based on a statement by Superior Court Judge Jay Hodges. We affirm.

*Discussion*

Stoneking first claims the original language of AS 12.55.088(a) applies to his case because he was sentenced before the 1995 amendment went into effect. Former AS 12.55.088(a), enacted in 1978, stated that "[t]he court may modify or reduce a sentence at any time during a term of imprisonment if it finds that conditions or circumstances have changed since the original sentencing hearing such that the purpose of the original sentence is not being fulfilled." However, in 1995, the Alaska Legislature revised this section, and AS 12.55.088(a) now provides that "[t]he court may modify or reduce a sentence by entering a written order under a motion made within 180 days of the original sentencing."[6]

Stoneking argues that the 1995 amendment did not expressly extinguish his right to file an application for modification of sentence at any time during his imprisonment. He notes that AS 01.10.100(a) provides that "[t]he repeal or amendment of a law does not ... extinguish any ... right accruing or accrued under that law, unless the repealing or amending act so provides expressly." However, AS 01.10.100(a), by its own language, only applies if the amending act is not expressly retroactive. In this case, the legislature expressly provided in chapter 79, § 41, SLA 1995 that the 1995 amendments to both AS 12.55.088(a) and Alaska Criminal Rule 35(b) apply to "offenses committed before, on, or after [July 1, 1995]."[7] Because the 1995 amendments were expressly retroactive, AS 01.10.100(a) is inapplicable. Judge Pengilly properly applied the current version of the rule and dismissed Stoneking's application as untimely.

5. 800 P.2d 949 (Alaska App.1990).

6. Ch. 79, § 6, SLA·1995.

7. *See* ch. 79, §§ 6, 30, 41, SLA 1995.

Stoneking next claims the current version of AS 12.55.088(a) is ambiguous when read with AS 12.55.088(b). Alaska Statute 12.55.088(b) states, "The sentencing court may not be required to entertain a second or successive motion for similar relief brought under (a) of this section on behalf of the same prisoner." Stoneking claims this section implicitly gives defendants the right to file at least one motion to modify or reduce their sentences.

However, Stoneking misinterprets the intent of AS 12.55.088. Alaska Statute 12.55.088(a) and AS 12.55.088(b) place independent procedural restrictions on the filing of an application for sentence reduction or modification. When read together, the two sections state that a defendant can only file one motion, and the one motion must be filed within 180 days of the defendant's original sentencing.[8] The legislative intent is not ambiguous. In this case, Stoneking had more than 180 days to file an initial motion because he was sentenced on January 14, 1988, and the amendments to Criminal Rule 35(b) and AS 12.55.088(a) went into effect July 1, 1995.[9]

Stoneking next claims Judge Hodges guaranteed him the right to file the current application when, on January 13, 1995, he observed that Stoneking could file a motion under Criminal Rule 35(b). However, Judge Hodges's observation preceded the legislature's amendments to Criminal Rule 35(b) and AS 12.55.088(a).[10] The judge's observation did not create a procedural right; it merely reflected the current state of the law.

Finally, Stoneking argues that the 1995 amendment to AS 12.55.088(a) violates the prohibition against *ex post facto* laws contained in article I, section 15 of the Alaska Constitution and article I, section 10 of the United States Constitution. A law violates the *ex post facto* clause if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable."[11] Stoneking claims the 1995 amendment to AS 12.55.088(a) increased his punishment by eliminating his opportunity to have his sentence modified in the future.

However, the *ex post facto* clause does not bar retrospective application of procedural amendments.[12] Procedural amendments are distinguishable from substantive amendments because "substantive law creates, defines and regulates rights, while procedural law prescribes the method of enforcing the rights."[13] In this case, the legislature's requirement that applications for sentence modification be filed within 180 days of sentencing "prescribes the method of enforcing rights" because it designates the requisite time period within which to file an application.[14] Although Stoneking may have had expectations based on the prior statute, a statute is not illegally retrospective merely because it upsets expectations or operates to the disadvantage of individual defendants.[15] Because the 1995 amendment did not alter the definition of criminal conduct or increase the penalty by which a crime is punishable, it is not barred by the *ex post facto* clause.[16]

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, not participating.

---

8. *See* AS 12.55.088(a), (b).

9. *See* ch. 79, §§ 6, 30, 41, SLA 1995.

10. *See id.*

11. *Amin v. State*, 939 P.2d 413, 416 (Alaska App. 1997) (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499, 506–07 n. 3, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588 (1995)).

12. *See Amin*, 939 P.2d at 416–17; *Allen v. State*, 945 P.2d 1233, 1237 (Alaska App.1997).

13. *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1042 (Alaska 1981) (quoting *Ware v. Anchorage*, 439 P.2d 793, 794 (Alaska 1968)).

14. *See Nolan*, 627 P.2d at 1042.

15. *See Allen*, 945 P.2d at 1236–37.

16. *See Amin*, 939 P.2d at 416–17.